1    SEDGWICK, DETERT, MORAN & ARNOLD LLP
     REBECCA A. HULL  Bar No. 99802
2    NICOLE O. SNYDER  Bar No. 250636
     One Market Plaza
3    Steuart Tower, 8th Floor
     San Francisco, California 94105
4    Telephone: (415) 781-7900
     Facsimile: (415) 781-2635

5
     Attorneys for Defendant
6    METROPOLITAN LIFE INSURANCE COMPANY

7

8                    UNITED STATES DISTRICT COURT

9                   NORTHERN DISTRICT OF CALIFORNIA

10                          SAN JOSE DIVISION

11   VALLEY HEIGHTS, INC., a California          CASE NO.       2388
     corporation,
12                                               NOTICE OF REMOVAL UNDER 28 U.S.C.
              Plaintiff,                          §§ 1331, 1441(a), 1441(b) and 1441(c)
13
         v.
14
     METROPOLITAN LIFE INSURANCE
15   COMPANY, and DOES 1 through 20,
     inclusive,
16
              Defendant.
17

18   TO THE CLERK OF THE ABOVE-ENTITLED COURT:

19           PLEASE TAKE NOTICE that defendant Metropolitan Life Insurance Company

20   ("MetLife"), by and through its counsel, hereby removes the above-entitled action, which was

21   filed by plaintiff Valley Heights, Inc., a California corporation, in the Superior Court of the State

22   of California, in and for the County of Santa Cruz, Case No. CV159827 ("Complaint"), to this

23   Court pursuant to 28 U.S.C. sections 1331, 1441(a), 1441(b) and 1441(c), on the following

24   grounds:

25                       **STATUTORY BASIS FOR REMOVAL**

26           1.      28 U.S.C. section 1331 provides that "district courts shall have original

27   jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United

28   States."

2.      28 U.S.C. section 1441(a) provides that "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending."

3.      28 U.S.C. section 1441(b) provides that "[a]ny civil action of which the district courts have original jurisdiction founded on a claim or right arising under the Constitution, treaties or laws of the United States shall be removable without regard to the citizenship or residence of the parties."

4.      28 U.S.C. section 1441(c) states that "[w]henever a separate and independent claim or cause of action within the jurisdiction conferred by section 1331 of this title is joined with one or more otherwise nonremovable claims or causes of action, the entire case may be removed and the district court may determine all issues therein."

## JURISDICTION

5.      This action is a civil action over which this Court has original jurisdiction under 28 U.S.C. section 1331, and is one which may be removed to this Court pursuant to the provisions of 28 U.S.C. sections 1441(a), 1441(b), and 1441(c), in that it seeks life insurance benefits under an employee welfare benefit plan, and therefore arises under the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. section 1001, *et seq.*

6.      Any remaining claims or causes of action in the complaint that are otherwise nonremovable are joined with separate and independent claims or causes of action within the jurisdiction conferred by 28 U.S.C. section 1331, and the entire case is therefore removable under 28 U.S.C. section 1441(c).

## FACTS SUPPORTING REMOVAL

7.      The Complaint seeks life insurance benefits under a group policy of insurance issued by MetLife's predecessor-in-interest, Business Men's Assurance Company of America ("BMA"). Plaintiff alleges in the Complaint that on or about November 1, 1991, BMA executed and delivered to Plaintiff its policy of group life insurance, bearing number BGBR0954860001 (the "Policy"), by which BMA undertook to insure the life of Gaylord Dwight Chilcote

**SEDGWICK**
DETERT, MORAN & ARNOLD LLP

1    ("Chilcote"). Complaint ¶ 6. Plaintiff alleges that on or about November 17, 1998, Chilcote

2    died in Watsonville, California. Complaint ¶ 6. Plaintiff further alleges that, under the terms of

3    the Policy, Plaintiff became entitled to receive from BMA, and BMA became obligated to pay to

4    Plaintiff the sum of $100,000 after receiving proof that Chilcote died while covered under the

5    Policy. Complaint ¶ 7. Attached to the Complaint, and incorporated therein by reference, is a

6    document which is alleged to be a copy of the Policy, and which includes a "Statement of ERISA

7    Rights," confirming that the parties' relationships and rights are governed by ERISA. Complaint,

8    Exh. A, p. 25. Plaintiff further has attached to the Complaint the "Life Insurance Claim Forms"

9    of both the employee and the employer, listing Chilcote as Plaintiff's employee. Complaint, Exh.

10   B, p. 1-2. The Complaint seeks to have the Superior Court order MetLife to pay Plaintiff the

11   Policy benefits, plus interest and costs. Complaint, Prayer for Relief. These allegations establish

12   on the face of the Complaint that Plaintiff is suing for recovery of benefits under an employee

13   welfare benefit plan governed by ERISA. *See* 29 U.S.C. § 1002(1).

14           8.      Although the body of the Complaint does not expressly mention ERISA, and

15   purports to be brought entirely under state law, it is a sham pleading because the cause of action

16   attempted to be stated therein is disguised by artful pleading, and necessarily arises under and is

17   completely preempted by ERISA. The cause of action seeks remedies for alleged breach of

18   contract, by failure to provide life insurance benefits allegedly due to Plaintiff under the terms of

19   the Policy, and thus seeks payment of benefits covered by ERISA. The allegations of the

20   Complaint therefore give rise to a claim only under ERISA, if at all. 29 U.S.C. § 1144;

21   *Metropolitan Life Ins. Co. v. Taylor*, 481 U.S. 58, 62-67 (1987); *Massachusetts Mutual Life Ins.*

22   *Co. v. Russell*, 473 U.S. 134, 145-48 (1985).

23                          **TIMELINESS OF REMOVAL PETITION**

24           9.      On March 24, 2008, plaintiff filed the Complaint in the Superior Court of the

25   State of California, in and for the County of Santa Cruz, entitled *Valley Heights Inc. v.*

26   *Metropolitan Life Insurance Company*, Case No. CV159827. True and correct copies of the

27   Complaint and summons are attached hereto as Exhibit A.

28           10.     The first date on which MetLife was served with a copy of the Complaint was

SEDGWICK
DETERT, MORAN & ARNOLD LLP

1   April 9, 2008.

2        11.    No other pleadings or papers have been filed, served, or received by MetLife,

3   other than the Complaint and summons.

4        12.    This Notice of Removal is filed with this Court within 30 days of the earliest date

5   on which MetLife first was served with a copy of the initial pleadings in the above-entitled

6   action.  This removal is thus timely under 28 U.S.C. section 1446(b).

7        WHEREFORE, MetLife removes the above-entitled action to this Court, and requests

8   that the Court assume jurisdiction over this action.

9

10   DATED: May _7_, 2008             SEDGWICK, DETERT, MORAN & ARNOLD LLP

11

12                       By:

13                           Rebecca A. Hull
                              Nicole O. Snyder

14                           Attorneys for Defendant
                              METROPOLITAN LIFE INSURANCE
                              COMPANY

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**SEDGWICK**
DETERT, MORAN & ARNOLD LLP

-4-

NOTICE OF REMOVAL

**SUM-100**

# SUMMONS
## *(CITACION JUDICIAL)*

FOR COURT USE ONLY
*(SOLO PARA USO DE LA CORTE)*

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO)*
METROPOLITAN LIFE INSURANCE COMPANY, and DOES 1 through 20, inclusive,

# FILED

**MAR 2 4 2008**

ALEX CALVO, CLERK
BY JENNIFER SAMBRAILO
DEPUTY, SANTA CRUZ COUNTY

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTA DEMANDANDO EL DEMANDANTE)* :
VALLEY HEIGHTS, INC., a California corporation,

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association.

*Tiene 30 DIAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.courtinfo.ca.gov/selfhelp/espanol/), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.courtinfo.ca.gov/selfhelp/espanol/) o poniéndose en contacto con la corte o el colegio de abogados locales.*

| | |
|---|---|
| The name and address of the court is:<br>*(El nombre y dirección de la corte es):*<br>SANTA CRUZ COUNTY SUPERIOR COURT<br>Unlimited Jurisdiction<br>701 Ocean Street<br>Santa Cruz, CA 95060 | CASE NUMBER:<br>*(Número del Caso):* **CV 159827** |

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Michael J. Cheng                          Pahl & McCay
225 W. Santa Clara St., Suite 1500        San Jose, CA 95113-1752
(408) 286-5100

| DATE: **MAR 2 4 2008**<br>*(Fecha)* | **ALEX CALVO** | Clerk, by<br>*(Secretario)* | **JENNIFER SAMBRAILO** , Deputy<br>*(Adjunto)* |
|---|---|---|---|

*(For proof of service of this summons, use* Proof of Service of Summons *(form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served

[SEAL]

1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify)* :

3. ☐ on behalf of *(specify)* :
   under: ☐ CCP 416.10 (corporation)      ☐ CCP 416.60 (minor)
          ☐ CCP 416.20 (defunct corporation)  ☐ CCP 416.70 (conservatee)
          ☐ CCP 416.40 (association or partnership)  ☐ CCP 416.90 (authorized person)
          ☐ other *(specify)* :
4. ☐ by personal delivery on *(date)* :

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. January 1, 2004]
*Martin Dean's Essential Forms* ™

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465

1484-034

1   **PAHL & McCAY**
    A Professional Corporation
2   **Stephen D. Pahl, Esq.** (State Bar No. 95900)
    **Michael J. Cheng, Esq.** (State Bar No.244414)
3   225 West Santa Clara Street
    Suite 1500
4   San Jose, California 95113-1752
    Telephone No.: (408) 286-5100
5   Facsimile No.: (408) 286-5722

6   Attorneys for Plaintiff
    VALLEY HEIGHTS, INC.
7

**FILED**

**MAR 2 4 2008**

ALEX CALVO, CLERK
BY JENNIFER SAMBRAILO
DEPUTY, SANTA CRUZ COUNTY

8           **SUPERIOR COURT OF THE STATE OF CALIFORNIA**

9               **COUNTY OF SANTA CRUZ**

10  VALLEY HEIGHTS, INC., a          )   Case No.  **CV 159827**
    California corporation,          )
11                                   )   **COMPLAINT FOR BREACH OF**
                                     )   **CONTRACT**
            Plaintiff,               )
12                                   )
    v.                               )
13                                   )
    METROPOLITAN LIFE                )
14  INSURANCE COMPANY, and DOES      )
    1 through 20, inclusive,         )
15                                   )
            Defendants.              )
16                                   )
                                     )
17  _____    )

18          Comes now Plaintiff VALLEY HEIGHTS, INC. ("Plaintiff"), and alleges as

19  follows:

20          1.      At all times relevant herein, Plaintiff was a corporation authorized to do

21  business within the State of California, with its principal place of business in the County of

22  Santa Cruz.

23          2.      Plaintiff is informed and believes and thereon alleges that at all times

24  relevant herein, Defendant METROPOLITAN LIFE INSURANCE COMPANY

25  ("Defendant") is a corporation authorized to transact, and transacting business in this state

26  as a life insurance company.

27          3.      Plaintiff does not know the true names or capacities, whether

28  individual, corporate, associate, or otherwise of Defendant sued herein as DOES 1 through

Pahl & McCay
A Professional Corp.
225 W. Santa Clara St.
Suite 1500
San Jose, CA 95113
(408) 286-5100

484-034
00112083.WPD

                                         1
    **COMPLAINT FOR BREACH OF CONTRACT**                    (Case No. ***)

1    20, inclusive. Plaintiff sues said Defendant by such fictitious names and prays leave to

2    amend this Complaint when the true names and capacities of said Defendant have been

3    ascertained. Plaintiff is informed and believes and thereon alleges that said Defendant

4    conducted, participated in, or are responsible for the acts set forth herein, and Plaintiff is

5    further informed and believes and thereon alleges that some or all of the said DOE

6    Defendants are in combination, agency, or joint venture relationships with the named

7    Defendant.

8         4.    Plaintiff is informed and believe and thereon allege that at all times

9    herein mentioned, each Defendant was the successor, alter ego, agent, joint venturer,

10   partner, and/or employee of each and every one of the other Defendants, and was acting

11   within the course and scope of his authority, and each Defendant ratified, authorized, and

12   approved of the acts of each other Defendant. Any acts or omissions attributed herein to a

13   corporation or other business entity were authorized acts, performed by an authorized

14   representative of said entity, acting within the course and scope of his agency or authority,

15   and were ratified by reasonable representatives of the entity.

16        5.    The Superior Court in and for the County of Santa Cruz has jurisdiction

17   over this proceeding because the principal amount in controversy exceeds $25,000

18   pursuant to California Code of Civil Procedure Sections 86 and 88.

19                            **GENERAL ALLEGATIONS**

20        6.    On or about November 1, 1991, Defendant's predecessor-in-interest Business

21   Men's Assurance Company of America ("BMA"), by its duly authorized agents, executed

22   and delivered to Plaintiff its policy of group life insurance bearing number

23   BGGR0954860001 (hereinafter referred to as the "Policy"), in and by which BMA

24   undertook to and did insure the life of Gaylord Dwight Chilcote ("Chilcote"). A true and

25   correct copy of the Policy is attached hereto as Exhibit A. On the occurrence of the death of

26   Chilcote, BMA promised to pay Plaintiff the sum of $100,000.

27        7.    On or about November 17, 1998, while the Policy was in full force and

28   effect, Chilcote died in Watsonville, California. By reason thereof, under the terms of the

Pahl & McCay
A Professional Corp.
225 W. Santa Clara St.
Suite 1500
San Jose, CA 95113
(408) 286-5100

1484-034
J0112083.WPD

2

**COMPLAINT FOR BREACH OF CONTRACT**

(Case No. ***)

1    Policy, Plaintiff became entitled to receive from BMA, and BMA became obligated to pay

2    Plaintiff the sum of $100,000 after receiving proof that Chilcote died while covered under

3    the Policy.

4        8.      Plaintiff is informed and believes and thereon alleges that in the year 2000,

5    BMA sold a part of its group life insurance book of business, which included the Policy, to

6    Defendant.

7        9.      Plaintiff did not discover the existence of the Policy until approximately

8    April 2006.

9        10.     On or around May 2, 2006, Plaintiff submitted a claim form to Defendant. A

10   true and correct copy of the claim form is attached hereto as Exhibit B.

11       11.     On or around May 23, 2006, Defendant sent Plaintiff a letter, indicating that

12   the proceeds under the Policy had already been paid. A true and correct copy of Defendant's

13   May 23, 2006 letter is attached hereto as Exhibit C.

14       12.     On or around May 31, 2006, Plaintiff sent Defendant a letter indicating it had

15   not received payment of the proceeds under the Policy, and requested proof of payment from

16   Defendant. A true and correct copy of Plaintiff's May 31, 2006 letter is attached hereto as

17   Exhibit D.

18       13.     Because Plaintiff had not received any response whatsoever from Defendant,

19   it sent another letter to Defendant on July 19, 2006, requesting a response and proof that the

20   proceeds under the Policy were paid. A true and correct copy of Plaintiff's July 19, 2006

21   letter is attached hereto as Exhibit E.

22       14.     Because Plaintiff had not still received any response whatsoever from

23   Defendant, it sent another letter to Defendant on September 25, 2006, again requesting proof

24   of payment. A true and correct copy of Plaintiff's September 25, 2006 letter is attached

25   hereto as Exhibit F.

26       15.     To date, Plaintiff has not received payment under the Policy from Defendant,

27   nor has Defendant provided any response to Plaintiff's requests for proof of payment.

28   ///

Pahl & McCay
A Professional Corp.
225 W. Santa Clara St.
Suite 1500
San Jose, CA 95113
(408) 286-5100

3

**COMPLAINT FOR BREACH OF CONTRACT**

(Case No. ***)

16.     As a proximate result of Defendant's failure and refusal as herein alleged, Plaintiff has been damaged in the sum of $100,000, with interest on that sum at the legal rate from May 5, 2006.

WHEREFORE, Plaintiff prays for judgment against Defendant as set forth in the Prayer for Relief below.

### FIRST CAUSE OF ACTION

(Breach of Contract)

17.     Plaintiff realleges and incorporates each and every foregoing paragraph of this Complaint as though fully set forth herein.

18.     Plaintiff has performed all conditions of the Policy on its part to be performed and, in accordance with the terms of the Policy, gave Defendant reasonably due and timely notice and proof of Chilcote's death.

19.     Defendant has breached the Policy by failing to make payment in the sum of $100,000.

20.     As a proximate result of Defendant's failure and refusal as herein alleged, Plaintiff has been damaged in the sum of $100,000, with interest on that sum at the legal rate from December 18, 1998.

WHEREFORE, Plaintiff prays for judgment against Defendant as set forth in the Prayer for Relief below.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff VALLEY HEIGHTS, INC. prays for judgment against Defendant METROPOLITAN LIFE INSURANCE COMPANY as follows:

1.     For damages of at least One Hundred Thousand Dollars ($100,000.00), the amount owed to Plaintiff under the Policy;

2.     For pre-judgment interest at the legal rate of 10% per annum from December 18, 1998;

3.     For costs of suit incurred herein; and,

///

Pahl & McCay
A Professional Corp.
225 W. Santa Clara St.
Suite 1500
San Jose, CA 95113
(408) 286-5100

1484-034
00112083.WPD

4

**COMPLAINT FOR BREACH OF CONTRACT**

(Case No. ***)

1        4.    For such other and further relief as the Court deems just and proper.

2    DATED: March 19, 2008               PAHL & McCAY
                                    A Professional Corporation

3

4                                        By:

5                                        Stephen D. Pahl

6

7                                        By:

8                                        Michael J. Cheng

9                                        Attorneys for Plaintiff
                                    VALLEY HEIGHTS, INC.

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

**Pahl & McCay**
A Professional Corp.
225 W. Santa Clara St.
Suite 1500
San Jose, CA 95113
(408) 286-5100

27

28

1484-034
00112083.WPD

**COMPLAINT FOR BREACH OF CONTRACT**                (Case No. ***)

# V<small>BMA</small>OLUNTARY LIFE



```
INSURED:      GAYLORD  CHILCOTE
GROUP:        VALLEY HEIGHTS, INC.
GROUP #:      BGGR0954860001
INSURED ID:   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


CURRENT AMOUNT(S) OF COVERAGE
VOL LIFE INSURED:        $100,000
```



Worldwide Strength
Hometown Values

Exhibit  A



*A member of the Generali Group*

BMA certifies that Group Policy Number GVL BGGR0954860001    has been issued to:

VALLEY HEIGHTS, INC.

(Referred to as the Policyholder.)

BMA insures certain persons for the benefits described in this Certificate. Benefits are subject to the terms of the Policy. This includes any supplements or amendments made a part of the Policy. Benefits are effective only if you are eligible for the coverage, become covered, and remain covered as described in this Certificate.

The Policyholder may act on behalf of all Insureds. Any notice given to the Policyholder will be binding on all Insureds.

Signed for BMA at Kansas City, Missouri.

Secretary                              President

GROUP VOLUNTARY LIFE INSURANCE CERTIFICATE

G 01 00015



Business Men's Assurance Company of America / P.O. Box 419458 / Kansas City, MO 64141 / Phone (816)753-8000

COV-55

1

# CONTENTS

This is a list of important provisions in the order in which they appear.

**COVER PAGE**

**SCHEDULE OF BENEFITS**

**GENERAL COVERAGE INFORMATION**
- Requirements for Coverage
- Effective Date

**LIFE COVERAGE**
- Life Benefits for Insureds
- Life Benefits for Dependents
- Waiver of Premium Benefit
- Portability Option

**LIMITATIONS**

**CLAIM INFORMATION**

**TERMINATION**

**CONVERSION**

**GENERAL PROVISIONS**

**DEFINITIONS**

**ACCELERATED BENEFITS**
G 02 00005

# SCHEDULE OF BENEFITS

## BENEFIT AMOUNT

### Voluntary Life Insurance
An amount equal to an even multiple of $10,000   with a minimum of $20,000   and a maximum of $500,000    or 5 times Earnings, whichever is less.

## DEPENDENT BENEFIT AMOUNT

### Voluntary Life Insurance

Spouse

Maximum $250,000    or 1/2 of Employee's Benefit Amount, whichever is less.

Child(ren) | 7 days to 6 months | $ | 1,500
6 months and over | $ | 2,500*

*Sold in increments of $2,500    to a Maximum of $10,000

## PROOF OF INSURABILITY

In no case will the Benefit Amounts exceed $100,000    until proof of insurability is approved by BMA.

Benefit Amounts may not be increased more than $10,000 in any Policy Year until proof of insurability is approved by BMA.

In no case will the Dependent Benefit Amounts exceed $50,000   until proof of insurability is approved by BMA.

Dependent Benefit Amounts may not be increased more than $5,000 in any Policy Year until proof of insurability is approved by BMA.

## AGE REDUCTION SCHEDULE
The following reductions, selected by the Policyholder, apply to the Insured's Benefit Amount(s) under the Policy.  BMA makes no representations concerning compliance with the requirements of the ADEA or other similar state or federal law.

At the Insured's age 70, coverage is reduced by 32% of the amount at age 69.
At the Insured's age 75, coverage is reduced by 35% of the amount at age 74.
At the Insured's age 80, coverage is reduced by 35% of the amount at age 79.
At the Insured's age 85, coverage is reduced by 35% of the amount at age 84.

## ELIGIBLE CLASSES
All eligible persons must be working in the United States.
All active full-time employees who have completed 90 days of employment

G 03 00005

BTL-03

5

## GENERAL COVERAGE INFORMATION

- Children placed with the Insured for adoption will be considered members of the Insured's family who are eligible to become Covered Persons if they are:
  1) supported by and live with the Insured; and
  2) under 19 years of age.

This applies from the date of placement until adoption, unless placement is disrupted prior to the legal adoption and the child is removed from placement.
G 10 00049

- own unmarried Dependent children from the age 21 years and under 24 years (including adopted, stepchildren or foster children) if they are:
  1) full-time students of an accredited junior college or 4 year university or of a state approved vocational or trade school; and
  2) supported by and live with (if not living at a college or university) the Insured.

G 10 00028

- own unmarried Dependent children (including stepchildren, adopted children, or foster children) if they are incapacitated and supported by the Insured. Incapacitated means inability to earn a living due to mental or physical disability.

G 10 00029

A person may not be covered as a Dependent if that person is entitled to be an Insured or is eligible for benefits as an Insured.

A person may not be covered under the Policy as a Dependent of more than one Insured.
G 10 00030

The Policyholder and the person must each pay their share of the Dependent premium.
G 10 00032

**EFFECTIVE DATE**

A person's coverage begins the first date all Requirements for Coverage are met if that date is the first day of a Policy Month. If all requirements are met after the first day of the Policy Month, the Effective Date will be the first day of the following Policy Month if the person meets all Requirements for Coverage on that date. The Actively At Work provision will be considered met if the person:

- became disabled after 12:01 a.m. on the date coverage was to take effect; and
- was Actively at Work on his or her last scheduled working day before that date.

G 10 00036

If a person does not meet all Requirements for Coverage on the day coverage would otherwise take effect, coverage will not take effect until the first date that person meets the Requirements for Coverage and Effective Date provisions, if that date is the first day of the Policy Month. If that person meets the requirements after the first day of the Policy Month, the Effective Date will be the first day of the following Policy Month, if the person meets all Requirements for Coverage on that day.
G 10 00037

BTL-10

# LIFE COVERAGE

**LIFE BENEFIT FOR INSUREDS**

BMA will pay the Benefit Amount under the terms of the Policy to the beneficiary when required proof is received that the Insured died while covered under the Policy.
G 20 00086

**BENEFICIARY**

The Insured has the right to name the beneficiary to receive benefits upon the death of the Insured. The Insured may change the beneficiary by filing a written request with the Policyholder or at BMA's Home Office. Consent of the beneficiary(ies) is not needed to make a change. Requested changes will take effect on the date of the written request, whether or not the Insured is living at the time the request is received. BMA is not responsible for any payments made before receipt and recording of the request.

Unless the Insured specifies otherwise, the succession of beneficiaries is as follows:
- if any named beneficiary does not survive the Insured, the benefits will be paid equally to the remaining named beneficiaries who do survive the Insured.
- if no named beneficiary survives the Insured, or if one was not named, benefits will be paid to the person or persons who are in the first of the following classes to survive the Insured:
  1) The Insured's spouse; or if none,
  2) The Insured's children equally; or if none,
  3) The Insured's parents equally; or if none,
  4) The Insured's brothers and sisters equally; or if none,
  5) The executor or administrator of the Insured's estate.
G 20 00087

**LIFE BENEFIT FOR DEPENDENTS**

BMA will pay the Dependent Benefit Amount under the terms of the Policy to the Insured when required proof is received that a Dependent died while covered under the Policy.
G 20 00088

**WAIVER OF PREMIUM BENEFIT**

If the Insured becomes Totally Disabled while covered under the Policy and is insured for this benefit, life insurance will continue provided:
- the Total Disability is continuous for at least 6 months;
- the Premiums are paid during this period; and
- initial proof of disability is furnished to BMA within 12 months of the date Total Disability begins.
After the 6 months of continuous disability, premiums will be waived as long as the Insured remains Totally Disabled.
G 20 00116

The premium paid for the 6 months disability period will be refunded when eligiblity for this benefit is established.
G 20 00091

BTL-20

9

# LIFE COVERAGE

**PORTABILITY OPTION**

If an Insured's employment or membership in an eligible class ends while the Policy is in force, the Insured is eligible to request the Portability Option.

To continue coverage, an Insured must make a written request and pay the required premium to BMA within 31 days from the date employment or membership in an eligible class ends.

Coverage will be continued under the provisions of the Policy until the next Policy Anniversary. Any Extension of Benefits or Waiver of Premium provisions will not apply to coverage under the Portability Option.

The amount of insurance provided will be the Covered Person's Benefit Amount in force on the date the Insured's employment or membership in an eligible class ends.
G 20 00095

At the next Policy Anniversary, coverage under the Policy will terminate for persons covered under this provision. Coverage will be provided under a group portability policy unless the Insured has reached Social Security Normal Retirement Age. Insured's who have reached Social Security Normal Retirement Age are not eligible for the group portability policy.
G 20 00096

**PORTABILITY OPTION
LIMITATIONS**

A Covered Person may be covered under Portability or Conversion, but not both. An Insured may not request Portability for Dependents only. An Insured who has reached Social Security Normal Retirement Age is not eligible for coverage under Portability.

A Covered Person may not be covered under Portability and under the Policy. When a person is eligible for coverage under the Policy, coverage under Portability will terminate at the next Policy Anniversary.
G 20 00097

**PORTABILITY OPTION
PREMIUMS**

The premium rate for continued coverage to the next Policy Anniversary will be the same as the Policy premium rate in force on the date the Insured's employment or eligibility ends. At the next Policy Anniversary, the premium rate will be based on the then current premium rates for the group portability policy.
G 20 00098

BTL-20

# CLAIM INFORMATION

**FILING A CLAIM**

Notice of loss must be given as soon as reasonably possible.    The Policyholder must give written notice to BMA at its Home Office in Kansas City, Missouri. Notice must include the name of the Covered Person and the Group Policy Number.

Written proof of loss must be given to BMA within 90 days after the date of loss, or as soon as reasonably possible.   Proof of loss includes a certified copy of the death certificate, a completed claim form, and any additional documents that BMA reasonably requires.
G 40 00015

**PAYMENT OF CLAIMS**

The Insured's Benefit Amount will be paid according to the beneficiary designation and the contract provisions for such payment.   All other benefits will be paid to the Insured.

If benefits are payable to the Insured's estate or to an Insured or beneficiary who cannot give a valid release, BMA, at its own option, can pay benefits up to $1,000 to someone related to the Insured or beneficiary by blood or marriage whom BMA considers to be entitled to the benefits. BMA will be discharged to the extent of any such payment made in good faith.
G 40 00016

BTL-40

# TERMINATION

**EXTENSION OF BENEFITS**  Life insurance for the Insured will be extended under the Policy when the Insured is Totally Disabled and not covered under the Waiver of Premium Benefit on the date the Policy terminates. The Insured's Total Disability must have begun while the Insured was covered under the Policy.  The Insured must furnish initial proof of disability to BMA within 12 months of the date disability begins.

The maximum amount of insurance extended will be the amount of insurance that the Insured had on the date when the Total Disability began. This amount will be reduced in accordance with the Policy provision relating to the attainment of a specified age just as if the Insured were not Totally Disabled.

Coverage will be extended until the earliest of the following dates:
- 12 months after the date the Policy terminates;
- the date the disability ceases;
- the date the Insured becomes eligible for coverage under any other group policy;
- the date the Insured becomes eligible for benefits under Waiver of Premium for the Insured provision; or
- the date the Insured either:
    1) fails to furnish proof of continued Disability, or
    2) refuses to be examined.

BMA may request proof of continued Total Disability as often as it may reasonably require during the first two years of Total Disability. After two years BMA may require proof once a year.
G 50 00019

Written notice of the death of the Insured must be given to BMA's Home Office within 12 months, or as soon as reasonably possible, after the date of death. If such notice is not given, BMA will not be liable for any payment.
G 50 00020

BTL-50

# CONVERSION

**TYPE OF POLICY**

Any permanent individual life policy may be selected as long as it is one normally issued by BMA for conversion at the Covered Person's age (nearest birthday) on the date it will be issued. The new converted policy will not include Waiver of Premium or other supplementary benefits.
G 60 00012

**PREMIUMS**

The premiums for the individual policy will be BMA's current rates for the person's sex, age (nearest birthday), type and amount of the policy, and the class of risk on the date coverage under the Policy terminates.
G 60 00013

**DEATH DURING THE CONVERSION PERIOD**

If a person who is eligible to convert dies during the 31 Day Conversion Period, and before any individual policy has become effective, the amount of life insurance to which the person is entitled under the individual policy will be paid as a claim under the Policy whether or not:
- application was made for the individual policy; or
- the first premium was paid.

G 60 00014

If a person dies after the 31 Day Conversion Period without exercising the conversion privilege, no benefits are payable.
G 60 00015

BTL-60

# GENERAL PROVISIONS

**INCONTESTABILITY**

The validity of this Policy may not be contested except for nonpayment of premiums after it has been in force for two years from the Effective Date.

The validity of coverage may not be contested on the basis of any statement made by the Insured in connection with insurability:
- after such insurance has been in force prior to the contest for two years during the Insured's lifetime; and
- unless such statement is contained in writing and signed by the Insured.

G 70 00006

**LEGAL ACTIONS**

No legal action may be brought to recover on the Policy until 60 days after written proof of loss has been given as required by the Policy. No such action may be brought after 3 years from the time written proof of loss is required to be given.

G 70 00007

**PHYSICAL EXAM AND AUTOPSY**

BMA, at its expense, has the right to have any Covered Person examined as often as reasonably necessary while a claim is pending. BMA may also have an autopsy performed, unless not allowed by law.

G 70 00015

**TIME OF EFFECT AND TERMINATION OF COVERAGE UNDER THE POLICY**

Coverage under the Policy will be effective at 12:01 a.m. and will terminate at 11:59 p.m. at the place of business of the Policyholder on the stated dates.

G 70 00016

BTL-70



### California Life and Health Insurance
### Guarantee Association Act
### Summary Document and Disclaimer

Residents of California who purchase life and health insurance and annuities should know that the insurance companies licensed in this state to write these types of insurance are members of the California Life and Health Insurance Guarantee Association ("CLHIGA").  The purpose of this Association is to assure that policyholders will be protected, within limits, in the unlikely event that a member insurer becomes financially unable to meet its obligations.  If this should happen, the Guarantee Association will assess its other member insurance companies for the money to pay the claims of insured persons who live in this state and, in some cases, to keep coverage in force. The valuable extra protection provided through the Association is not unlimited, as noted in the box below, and is not a substitute for consumers' care in selecting insurers.

---

The California Life and Health Insurance Guarantee Association may not provide coverage for this policy. If coverage is provided, it may be subject to substantial limitation or exclusions, and require continued residency in California.  You should not rely on coverage by the Association in selecting an insurance company or in selecting an insurance policy.

Coverage is NOT provided for your policy or any portion of it that is not guaranteed by the insurer or for which you have assumed the risk, such as a variable contract sold by prospectus.

Insurance companies or their agents are required by law to give or send you this notice.  **However, insurance companies and their agents are prohibited by law from using the existence of the Guarantee Association to induce you to purchase any kind of insurance policy.**

Policyholders with additional questions should first contact their insurer or agent or may then contact:

California Life and Health Insurance      or      Consumer Service Division
Guarantee Association                              California Department of Insurance
P.O. Box 17319                                          300 South Spring St.
Beverly Hills, CA  90209-3319                    Los Angeles, CA  90013

---

Below is a brief summary of this law's coverages, exclusions and limits.  This summary does not cover all provisions of the law; nor does it in any way change anyone's rights or obligations under the Act or the rights or obligations of the Association.

## COVERAGE

Generally, individuals will be protected by the California Life and Health Insurance Guarantee Association if they live in this state and hold a life or health insurance contract, or an annuity, or if they are insured under a group insurance contract, issued by a member insurer.  The beneficiaries, payees or assignees of insured persons are protected as well, even if they live in another state.
G 85 00010

BTL-85

# Business Men's Assurance Company of America

**COMPLAINT NOTICE:** Should any dispute arise about your insurance, write to the BMA Complaint Department at the following address and telephone number:

Business Men's Assurance Company of America
P.O. Box 419458
Kansas City, Missouri 64141
(800)262-5433

If the problem is not resolved, you may also contact the Department of Insurance at the following address and telephone number:

Department of Insurance
Consumer Services Division
3450 Wilshire Blvd.
Los Angeles, California 90010
(800)233-9045

G 85 00006

**CERTIFICATE OF VERIFICATION**

This certificate or verification of insurance is not an insurance policy and does not amend, extend or alter the coverage afforded by the policies listed herein. Notwithstanding any requirement, term, or condition of any contract or other document with respect to which this certificate or verification of insurance may be issued or may pertain, the insurance afforded by the policies described herein is subject to all the terms, exclusions and conditions of such policies.

G 85 00005

BTL-85

## STATEMENT OF ERISA RIGHTS

As a participant in the Plan, the claimant is entitled to certain rights and protections under the Employee Retirement Income Security Act of 1974, as amended (ERISA). ERISA provides that all Plan participants shall be entitled to:

- Examine, without charge, at the Plan Administrator's office and at other specified locations, all Plan documents, including insurance contracts and copies of all documents filed by the Plan with the U.S. Department of Labor such as annual reports and plan descriptions.

- Obtain copies of all Plan documents and other Plan information upon written request to the Plan Administrator. The Plan Administrator may charge a reasonable fee for the copies.

- Receive a summary of the Plan's annual financial report. The Plan Administrator is required by law to furnish each participant with a copy of this summary financial report.

In addition to creating rights for Plan participants, ERISA imposes duties upon the people who are responsible for the operation of the Plan. The people who operate the claimant's Plan, called "fiduciaries" of the Plan, have a duty to do so prudently and in the interest of the claimant and other Plan participants and beneficiaries. No one, including the claimant's Employer, the claimant's union, or any other person, may fire the claimant or otherwise discriminate against the claimant in any way to prevent the claimant from obtaining a Plan benefit, or exercising the claimant's rights under ERISA. If the claim for a Plan benefit is denied in whole or in part, the claimant must receive a written explanation of the reason for the denial. The claimant has the right to have the Plan Administrator review and reconsider the claim.

Under ERISA, there are steps the claimant can take to enforce the above rights. For instance, if the claimant requests materials from the Plan and do not receive them within 30 days, the claimant may file suit in a federal court. In such a case, the court my require the Plan Administrator to provide the materials and pay the claimant up to $100 a day until the claimant receives the materials, unless the materials were not sent because of reasons beyond the control of the Administrator. If the claimant has a claim for benefits which is denied or ignored, in whole or in part, the claimant may file suit in a state or federal court. If it should happen that the Plan fiduciaries misuse the Plan's money, or if the claimant is discriminated against for asserting the claimant's rights, the claimant may seek assistance from the U.S. Department of Labor, or the claimant may file suit in a federal court. The court will decide who should pay court costs and legal fees. If the claimant is successful, the court may order the person the claimant has sued to pay these costs and fees. If the claimant loses, the court may order the claimant to pay these costs and fees, for example if it finds the claim is frivolous.

If the claimant has any questions about the Plan, the claimant should contact the Plan Administrator. If the claimant has any questions about this statement or the claimant's rights under ERISA the claimant should contact the nearest area office of the U.S. Labor-Management Services Administration, Department of Labor.

Information in the Summary Plan Description is furnished by the claimant's Employer. BMA assumes no responsibility for the sufficiency of this information or its compliance with ERISA requirements.

G 95 00001



**MetLife**®
Group Life Claims
P.O. Box 3016
Utica, NY 13504

## Employer Instructions for Filing Group Life Insurance Claims

1.  Detach this page and complete the Employer's Statement on the following page.

2.  Give the beneficiary the remaining pages of this claim folder so that he or she may complete the Claimant's Statement

    The beneficiary must complete his or her own Claimant's Statement and return it to you, along with a certified copy of the death certificate.

    Note: If there is more than one beneficiary, a separate Claimant's Statement must be completed by *each* beneficiary. However, only *one* Employer's Statement and *one* death certificate is needed for processing the claim.

3.  Submit the following to the MetLife Group Life Claims Office for processing:
    MetLife
    Group Life Claims
    P.O. Box 3016
    Utica, NY  13504
    1-800-638-6420

    a)  the completed Employer's Statement
    b)  the Claimant's Statement(s)*
    c)  a certified copy of the death certificate
    d)  all other pertinent claim information (such as enrollment forms and beneficiary designations)


A certified copy of a death certificate is one that has been certified by the local Bureau of Vital Statistics or other responsible agency, and bears a raised or colored seal.  Claimants can usually obtain this document from the funeral director who handled the arrangements.

If any of the above information is omitted, please give us full details as to what is omitted and why.

As an alternative, you may submit the completed Employer's Statement, enrollment forms, and beneficiary designations directly to MetLife, and provide each beneficiary with the Claimant's Statement.  Each beneficiary can then complete and sign the Claimant's Statement and submit it to MetLife with a certified copy of the death certificate (only one death certificate need be submitted).

4. Contact the MetLife Administrator responsible for your group if you have further questions.

*If there are multiple beneficiaries, please submit each completed Claimant's Statement as you receive it.  By doing so, you will help us speed payment to those beneficiaries who have returned their completed Statements.  If a beneficiary is deceased, please submit a copy of the Death Certificate with the claim.

## FRAUD WARNINGS

If the insured was covered under a policy issued in one of the states listed below, <u>or</u> if you reside in one of the states listed below, one of the following state warnings may apply to you:

**Arizona:  For your protection, Arizona law requires the following statement to appear on this form.  Any person who knowingly presents a false or fraudulent claim for payment of loss is subject to criminal and civil penalties.**

<u>Alaska, Delaware, Texas</u>:  Any person who knowingly presents a false or fraudulent claim for payment of a loss is guilty of a crime and may be subject to fines and confinement in state prison.

<u>Arkansas, Louisiana, New Mexico</u>:  Any person who knowingly presents a false or fraudulent claim for payment of a loss or benefit or knowingly presents false information in an application for insurance is guilty of a crime and may be subject to civil fines and criminal penalties.

<u>California</u>:  Any person who knowingly presents a false or fraudulent claim for the payment of a loss is guilty of a crime and may be subject to fines and confinement in state prison.

<u>Colorado</u>:  It is unlawful to knowingly provide false, incomplete, or misleading facts or information to an insurance company for the purpose of defrauding or attempting to defraud the company.  Penalties may include imprisonment, fines, denial of life insurance, and civil damages.  It is also unlawful for any insurance company or agent of an insurance company who knowingly provides false, incomplete, or misleading facts or information to a policyholder or claimant for the purpose of defrauding or attempting to defraud the policyholder or claimant with respect to a settlement or award payable from insurance proceeds.  Such acts shall be reported to the Colorado Division of Insurance with the Department of Regulatory Agencies to the extent required by applicable law.

<u>District of Columbia</u>:  WARNING:  It is a crime to provide false or misleading information to an insurer for the purpose of defrauding the insurer or other person.  Penalties include imprisonment and/or fines.  In addition, an insurer may deny insurance benefits if false information materially related to a claim was provided by the applicant.

<u>Florida</u>:  Any person who knowingly and with intent to injure, defraud or deceive any insurer files a statement of claim containing any false, incomplete or misleading information is guilty of a felony of the third degree.

<u>Kentucky</u>:  Any person who knowingly and with intent to defraud any insurance company or other person files a statement of claim containing any materially false information or conceals, for the purpose of misleading, information concerning any fact material thereto commits a fraudulent insurance act, which is a crime.

<u>Indiana, Minnesota, Oklahoma</u>:  WARNING:  Any person who knowingly, and with the intent to injure, defraud or deceive any insurer, makes any claim for the proceeds of an insurance policy containing any false, incomplete, or misleading information is guilty of a felony.

<u>New Jersey</u>:  Any person who knowingly files a statement of claim containing any false or misleading information is subject to criminal and civil penalties.

<u>Ohio</u>:  A person who, with intent to defraud or knowing that he is facilitating a fraud against an insurer, submits an application or files a claim containing a false or deceptive statement is guilty of insurance fraud.

<u>Oklahoma</u>:  Any person who knowingly, and with intent to injure, defraud or deceive any insurer, makes any claim for the proceeds of an insurance policy containing any false, incomplete or misleading information is guilty of a felony.

<u>Pennsylvania</u>:  Any person who knowingly and with intent to defraud any insurance company or other person files an application for insurance or statement of claim containing any materially false information, or conceals for the purpose of misleading, information concerning any material fact thereto commits a fraudulent insurance act, which is a crime and subjects such person to criminal and civil penalties.

<u>Puerto Rico</u>:  Any person who, knowingly and with the intent to defraud, presents false information in an insurance request form, or who presents, helps or has presented, a fraudulent claim for the payment of a loss or other benefit, or presents more than one claim for the same damage or loss, will incur a felony, and upon conviction will be penalized for each violation with a fine no less than five thousand (5,000) dollars nor more than ten thousand (10,000), or imprisonment for a fixed term of three (3) years, or both penalties. If aggravated circumstances prevail, the fixed established imprisonment may be increased to a maximum of five (5) years; if attenuating circumstances prevail, it may be reduced to a minimum of two (2) years.

If the insured was covered under a policy issued in any state other than those listed above, <u>or</u> if you reside in any state other than those listed above, then the following warning may apply to you:

Any person who knowingly and with intent to defraud any insurance company or other person files a statement of claim containing any materially false information or conceals, for the purpose of misleading, information concerning any fact material thereto commits a fraudulent insurance act, which may be a crime and may subject such person to criminal and civil penalties.

DC-TCA5 (12/05)
L0596G1S(exp0906)MLIC-LD Printed in U.S.A.

# MetLife®

## Life Insurance Claim Form
## Employer's Statement

For MetLife Use Only

To avoid processing delays, please provide all information requested. This form must be completed by an authorized company representative. Please print or type.

Claim is for: ☒ **Employee** or ☐ **Dependent**

### Section A: Employee/Member Information

| Employee Social Security Number | Name of Insured Employee | | | Sex M or F |
|---|---|---|---|---|
| 5 5 9 5 8 4 4 6 3 | Last Chilcote | First Gaylord | Middle | M |

Date of Death: 11 / 18 / 1998   Date of Birth: 8 / 22 / 1940   Employee's Occupation: Nursing Home Adminis- trator

Date of Hire: 11 / 1 / 1991

Was Insurance ever assigned?   ☐ Yes ☒ No (If yes, please attach a copy of assignment and all related papers)

☒ Active Employee: Enter the effective date of amount of insurance being claimed 11 / 17 / 1998

☐ Retired Employee: Date retired ____ / ____ / _____

For employees who were not actively at work, please indicate status of employee at date of death (select one):

☐ Regular Retiree   ☐ Retiree Due to Disability   ☐ Terminated Due to Disability   ☐ Terminated For Any Other Reason

☐ Leave of Absence/Layoff/Sick Leave   ☐ Disabled (not terminated or retired)

On what date did the employee last work? 11 / 16 / 1998   Reason for stopping Death

Date premium payments for employee stopped 12/ 31 / 1998

Was the employer-employee relationship terminated before death? ☒ No ☐ Yes Date ____ / ____ / _____ Reason _____

Was life insurance cancelled? ☒ No ☐ Yes   Date ____ / ____ / _____

Was a Total and Permanent Disability or Continued Protection (CP) disability waiver claim ever filed with MetLife for this employee?

☒ No ☐ Yes   Disability Case Number _____

**Metropolitan Life Insurance Company**
**Group Life Claims**
**P.O. Box 3016**
**Utica, NY 13504**
**1-800-638-6420**

(Continued on following page)

Exhibit B

**Life Insurance Claim Form**
**Employer's Statement (cont'd)**

## Section B: Employer/Association Information

| | |
|---|---|
| **Name of Employer/Association** Valley Heights, Inc. | **Contact Name** Leslie Nunes |

**Employer Address**

| Number and Street | City | State | Zip |
|---|---|---|---|
| 925 Freedom Blvd. Watsonville | CA | 95076 | |

**Employer Telephone Number**
(831) 722-4884
**Fax Number**
(831) 722-2276

**Division name and address where employee/member worked** *(If different than above)*

| Name | Number and Street | City | State | Zip |
|---|---|---|---|---|
| | | | | |

Notice: Be sure to consider any reduction formula applicable to each type of Life Benefit inforce when entering the amount of Life Benefits for which claim is made.

**Complete the Following:**

Employee is: ☐ Hourly or ☒ Salaried or ☐ Union or ☒ Non-Union ☒ Exempt or ☐ Non-Exempt

Base Annual Earnings $1000.00 As of

Date: 11 / 01 / 1991

Did the employee increase coverage within the last two years?

☐Yes ☒No

If yes, indicate Date: ____/____/_____

| Report Number | Sub Code | Branch | Type of Life Benefits Check applicable box(es) | Amount | Effective Date |
|---|---|---|---|---|---|
| | | | ☐ Basic Life | | |
| | | | ☐ Optional Life* | | |
| | | | ☐ Dependent Life | | |
| | | | ☐ AD&D*** | | |
| | | | ☐ Optional AD&D*** | | |
| | | | ☐ Dependent AD&D*** | | |
| | | | ☐ VAD&D*** | | |
| | | | ☐ Group Universal Life** | | |
| | | | ☐ Spouse Group Universal Life | | |

\*Optional Life includes Supplemental Life, Additional Life and Voluntary Life Benefits.
  \*\*For more information concerning Group Universal Life coverage, please call 1-800-523-2894.
\*\*\*If Accidental Death benefits are claimed, please include supporting documentation such as newspaper clippings, police reports, toxicology reports, autopsy reports, etc.

**Survivor Income Benefit:** If the deceased employee qualified for Survivor Income Benefits insured by MetLife, specify if the claim ☐ is attached, or ☐ will follow.

## Section C: Deceased Dependent Information

| Dependent Claim Only | Date of Death | Date of Birth | Sex M or F | Dependent's Social Security Number | Name of Deceased Dependent Last | First | Middle | Relationship |
|---|---|---|---|---|---|---|---|---|
| | | | | | | | | Spouse ☐ Child ☐ |

| | | |
|---|---|---|
| *Signature of Employer's Authorized Representative* | 5/5/06 **Date** | 831-722-4914 **Telephone No.** |

**Send benefit payment to:** ☒ Directly to Beneficiary (ies)

☐ Other:_____

_____

# MetLife®

**Group Life Claims**
P.O. Box 3016
Utica, NY 13504
1-800-638-6420

## Life Insurance Claim Form
## Claimant's Statement

For MetLife Use Only

Employer Name: _Valley Heights, Inc._

Employee Name: _Gaylord Chilcote_

In order to process your claim as quickly as possible we need some information about you and about the deceased. Each beneficiary must submit his or her own Claimant's Statement. Return this completed Claimant's Statement to the Employer or directly to MetLife, in accordance with the instructions you received with this form. Be sure to include a certified copy of the death certificate that indicates the cause and manner of death. A certified copy of the death certificate is one that has been certified by the local Bureau of Vital Statistics or other responsible agency, and bears a raised or colored seal. You can usually obtain one from the funeral director who handled the arrangements.

**Additional Information if Beneficiary is a Minor:**
If no legal guardian is appointed to handle the minor's estate, a responsible adult should complete and sign the Claimant's Statement on behalf of the minor beneficiary. Be sure to complete Section A with information regarding the minor, not the party completing the form.

If a legal guardian of the minor child's estate has been or will be appointed, the guardian must complete and sign the Claimant's Statement. Be sure to include a copy of court-issued guardianship papers in the claim submission to MetLife.

## A. Information about you:

1. Your Name (please print or type) _Richard_ _F._ _Murphy_
   First     Middle Initial     Last

   Maiden Name (if applicable) _____

2. Social Security No. _020_ / _32_ / _5767_

3. Date of Birth _10_ _28_ _1942_      ☒ Male ☐ Female
   Mo.   Day   Year

4. Phone Number Day ( _831_ ) _722-4884_      Evening ( )_____
   (Area Code)                         (Area Code)

5. Fax Number (optional) ( )_____
   (Area Code)

6. Mailing Address _115 Cutter Dr._
   Number          Street                Apt/Box No. (if any)
   _Watsonville_       _CA_       _95076_
   City            State       Zip

7. Relationship to the deceased
   You are the ☐ Spouse ☐ Child ☐ Parent ☒ Other _Partner_
                                                    Explain

8. If you have signed a document with a funeral home (a funeral home assignment) that authorizes MetLife to make a payment directly to it, please check here ☐

## B. Information about the deceased:

1. His/Her Name _Gaylord_     _Chilcote_
   First          Middle Initial   Last

   Maiden Name (if applicable)_____

2. Residence Address _115 Cutter Dr._
   Number          Street                Apt/Box No. (if any)
   _Watsonville_       _CA_       _95076_
   City            State       Zip

3. Marital Status ☒ Single ☐ Married ☐ Widow/Widower ☐ Separated ☐ Divorced

4. Date of Birth _8/22/1940_
   Mo.   Day   Year

5. Social Security No. _559_ / _58_ / _4463_

6. If the deceased person also had an individual life insurance policy with MetLife, please provide the policy number:

_____



**Life Insurance Claimant's Statement (cont'd)**

**Employee Name:**  Gaylord Chilcote

## C. Certifications and Signature:

The information I have given is, to the best of my knowledge, true and accurate.

**Under penalty of perjury, I certify:**

1) **That the number shown on this form is my correct taxpayer identification number; and**
2) **That I am not subject to backup withholding because: (a) I have not been notified by the Internal Revenue Service (IRS) that I am subject to backup withholding as a result of a failure to report all interest or dividends; or (b) that I am no longer subject to backup withholding; and**
3) **I am a U.S. citizen, or a U.S. resident for tax purposes.**

**Please note:  Cross out and initial item 2 and/or item 3 if subject to backup withholding as a result of a failure to report all interest and dividend income or you are not a U.S. citizen or U.S. resident for tax purposes.**

## D. DELIVERING THE PROMISE (DTP)

If a MetLife DTP Specialist assisted you with this claim, you may elect to have your check or Total Control Account kit mailed to the Specialist, who will deliver it to you.  If you wish to have the proceeds mailed to your DTP Specialist, please check the appropriate box below. If no box is checked, the proceeds will be delivered directly to you.

☐ Deliver to DTP Specialist

      DTP Specialist Name: _____

      DTP Specialist Address: _____

                  _____

☒ Send proceeds directly to beneficiary

Our standard payment method is in the form of a **Total Control Account**.  A personalized checkbook and a kit that includes information about your Account will be sent to you if an Account is established. Your Account will be guaranteed by MetLife and your money will be accessible to you when you need it.

**Please sign** below as you would sign on checks (include first and last name).  If you are receiving a Total Control Account, this signature will be placed on file with your Account. If Beneficiary is a minor, the legal guardian or adult submitting this form must sign, not the minor.

The IRS does not require your consent to any provision of this document other than the certification to avoid backup withholding.

| | |
|---|---|
| *[signature]* | 5/5/2006 |
| Beneficiary Signature | Date |

# ᴠBMA
# VOLUNTARY LIFE



```
INSURED:      GAYLORD  CHILCOTE
GROUP:        VALLEY HEIGHTS, INC.
GROUP #:      BGGR0954860001
INSURED ID:   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


CURRENT AMOUNT(S) OF COVERAGE
VOL LIFE INSURED:        $100,000
```





**BMA.**®

*A member of the Generali Group*

BMA certifies that Group Policy Number GVL BGGR0954860001     has been issued to:

VALLEY HEIGHTS, INC.

(Referred to as the Policyholder.)

BMA insures certain persons for the benefits described in this Certificate. Benefits are subject to the terms of the Policy. This includes any supplements or amendments made a part of the Policy. Benefits are effective only if you are eligible for the coverage, become covered, and remain covered as described in this Certificate.

The Policyholder may act on behalf of all Insureds. Any notice given to the Policyholder will be binding on all Insureds.

Signed for BMA at Kansas City, Missouri.

Secretary                              President

GROUP VOLUNTARY LIFE INSURANCE CERTIFICATE

G 01 00015



GENERALI
GROUP

Business Men's Assurance Company of America / P.O. Box 419458 / Kansas City, MO 64141 / Phone (816)753-8000

# STATE OF CALIFORNIA
## CERTIFICATION OF VITAL RECORD

# COUNTY OF SANTA CRUZ

### SANTA CRUZ, CALIFORNIA

#### CERTIFICATE OF DEATH
STATE OF CALIFORNIA
USE BLACK INK ONLY—NO ERASURES, WHITEOUTS OR ALTERATIONS
VS-11 (REV. 7/87)

3-1998-44-001425

**LOCAL REGISTRATION NUMBER**

**STATE FILE NUMBER**

| DECEDENT PERSONAL DATA | | | |
|---|---|---|---|
| 1. NAME OF DECEDENT—FIRST (GIVEN) GAYLORD | 2. MIDDLE DWIGHT | 3. LAST (FAMILY) CHILCOTE | |
| 4. DATE OF BIRTH MM/DD/CCYY 08/22/1940 | 5. AGE YRS. 58 | 6. SEX M | 7. DATE OF DEATH MM/DD/CCYY 11/17/1998 | 8. HOUR 0906 fnd |
| 9. STATE OF BIRTH CA | 10. SOCIAL SECURITY NO. 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 | 11. MILITARY SERVICE YES ☒ NO ☐ UNK | 12. MARITAL STATUS Nev. Married | 13. EDUCATION—YEARS COMPLETED 13 |
| 14. RACE Caucasian | 15. HISPANIC—SPECIFY ☐ | 16. ☒ NO | 16. USUAL EMPLOYER Self Employed | |
| 17. OCCUPATION Owner | 18. KIND OF BUSINESS Elderly and Convalescent Homes | | 19. YEARS IN OCCUPATION 36 |

| USUAL RESIDENCE | | | | |
|---|---|---|---|---|
| 20. RESIDENCE—STREET AND NUMBER OR LOCATION 115 Cutter Drive | | | | |
| 21. CITY Watsonville | 22. COUNTY Santa Cruz | 23. ZIP CODE 95076 | 24. YRS IN COUNTY 36 | 25. STATE OR FOREIGN COUNTRY California |

| INFORMANT | | |
|---|---|---|
| 26. NAME, RELATIONSHIP Richard Murphy - Executor | 27. MAILING ADDRESS (STREET AND NUMBER OR RURAL ROUTE NUMBER, CITY OR TOWN, STATE, ZIP) 925 Freedom Blvd. Watsonville CA 95076 | |

| SPOUSE AND PARENT INFORMATION | | | |
|---|---|---|---|
| 28. NAME OF SURVIVING SPOUSE—FIRST | 29. MIDDLE | 30. LAST (MAIDEN NAME) | |
| 31. NAME OF FATHER—FIRST Gaylord | 32. MIDDLE Hamilton | 33. LAST Chilcote | 34. BIRTH STATE CA |
| 35. NAME OF MOTHER—FIRST Vivian | 36. MIDDLE | 37. LAST Babcock | 38. BIRTH STATE MN |

| DISPOSITION(S) | | |
|---|---|---|
| 39. DATE MM/DD/CCYY 11/24/1998 | 40. PLACE OF FINAL DISPOSITION Valley Catholic Cemetery - Watsonville CA 95076 | |
| 41. TYPE OF DISPOSITION(S) BU | 42. SIGNATURE OF EMBALMER not embalmed | 43. LICENSE NO. — |

| FUNERAL DIRECTOR AND LOCAL REGISTRAR | | | |
|---|---|---|---|
| 44. NAME OF FUNERAL ESTABLISHMENT Mehl's Colonial Chapel | 45. LICENSE NO. 171 | 46. SIGNATURE OF LOCAL REGISTRAR | 47. DATE MM/DD/CCYY 11/20/1998 |

| PLACE OF DEATH | | | |
|---|---|---|---|
| 101. PLACE OF DEATH Residence | 102. IF HOSPITAL, SPECIFY | 103. IF OTHER THAN HOSPITAL, SPECIFY | 104. COUNTY Santa Cruz |
| 105. STREET ADDRESS—STREET AND NUMBER OR LOCATION 115 Cutter Drive | | | 106. CITY Watsonville |

| CAUSE OF DEATH | | | |
|---|---|---|---|
| 107. DEATH WAS CAUSED BY: (ENTER ONLY ONE CAUSE PER LINE FOR A, B, AND C) | | TIME INTERVAL BETWEEN ONSET AND DEATH | 108. DEATH REPORTED TO CORONER ☒ YES ☐ NO CASE NUMBER 98-12686 |
| IMMEDIATE CAUSE (a) Bilateral Hemothorax & Hemopericardium | | minutes | |
| DUE TO (b) Stab Wounds of Aorta & Lungs | | minutes | 109. BIOPSY PERFORMED ☐ YES ☒ NO |
| DUE TO (c) Stab Wounds of Neck, Chest | | minutes | 110. AUTOPSY PERFORMED ☒ YES ☐ NO |
| DUE TO (d) | | | 111. USED IN DETERMINING CAUSE ☒ YES ☐ NO |
| 112. OTHER SIGNIFICANT CONDITIONS CONTRIBUTING TO DEATH BUT NOT RELATED TO CAUSE GIVEN IN 107 Blunt instrument laceration of scalp | | | |
| 113. WAS OPERATION PERFORMED FOR ANY CONDITION IN ITEM 107 OR 112? IF YES, LIST TYPE OF OPERATION AND DATE | | | |

| PHYSICIAN'S CERTIFICATION | | | |
|---|---|---|---|
| 114. I CERTIFY THAT TO THE BEST OF MY KNOWLEDGE DEATH OCCURRED AT THE HOUR, DATE AND PLACE STATED FROM THE CAUSES STATED. DECEDENT ATTENDED SINCE / DECEDENT LAST SEEN ALIVE MM/DD/CCYY | 115. SIGNATURE AND TITLE OF CERTIFIER | 116. LICENSE NO. | 117. DATE MM/DD/CCYY |
| | 118. TYPE ATTENDING PHYSICIAN'S NAME, MAILING ADDRESS, ZIP | | |

| CORONER'S USE ONLY | | | |
|---|---|---|---|
| I CERTIFY THAT IN MY OPINION DEATH OCCURRED AT THE HOUR, DATE AND PLACE STATED FROM THE CAUSES STATED. 119. MANNER OF DEATH ☐ NATURAL ☐ SUICIDE ☒ HOMICIDE ☐ ACCIDENT ☐ PENDING INVESTIGATION ☐ COULD NOT BE DETERMINED | 120. INJURY AT WORK ☐ YES ☒ NO | 121. INJURY DATE MM/DD/CCYY 11/17/1998 fnd | 122. HOUR 0906 | 123. PLACE OF INJURY Residence |
| | 124. DESCRIBE HOW INJURY OCCURRED (EVENTS WHICH RESULTED IN INJURY) Decedent stabbed and beaten to death in his own home. | | | |
| 125. LOCATION (STREET AND NUMBER OR LOCATION AND CITY) (ZIP) 115 Cutter Drive Watsonville 95076 | | | |
| 126. SIGNATURE OF CORONER OR DEPUTY CORONER | 127. DATE MM/DD/CCYY | 128. TYPED NAME, TITLE OF CORONER OR DEPUTY CORONER __ Burt, Deputy Coroner |

CERTIFIED COPY OF VITAL RECORD

| STATE REGISTRAR | A. | B. | C. | D. FAX AUTH. # 001432 | CENSUS TRACT |
|---|---|---|---|---|---|

83448

STATE OF CALIFORNIA
COUNTY OF SANTA CRUZ

DATE ISSUED

**DEC 27 1999**

This is a true and exact reproduction of the document officially registered and placed on file in the Vital Records Section, Santa Cruz County Public Health Department.



CHIEF PUBLIC HEALTH OFFICER
SANTA CRUZ, CALIFORNIA

This copy not valid unless prepared on engraved border displaying seal and signature of Registrar.



1484-001



**Metropolitan Life Insurance Company**

Group Life Claims
P.O. Box 3016
Utica, NY 13504

May 23, 2006

Richard F Murphy
115 Cutter Dr
Watsonville, CA 95076

RE:  Metropolitan Life Insurance Company
     Insured: Gaylord Chilcote
     Group No.: BGGR954860001
     Claim No.: 00003305576

Dear Mr. Murphy:

We are writing in response to your inquiry regarding the above-referenced claim for Group Life insurance benefits.

Our records indicate that we have completed our liability by making payment of the Group Life Insurance proceeds to Richard Murphy, the designated beneficiary of record on December 15, 1998.

If you have any questions, please contact our office at 800-638-6420, extension 6832, Team A.

Sincerely,

Group Life Claims Operations
Team A

CC:  Pahl & Gosselin
     Attn:  Stephen Pahl

gli103.rev.0004

Exhibit



1484-601

Stephen D. Pahl
Thomas M. Gosselin
Fenn C. Horton III
Catherine S. Robertson
Jeffrey M. Sulenski
Karen K. McCay
Servando R. Sandoval
Ginger L. Sotelo
Yesenia Santacruz

Sarahann Shapiro
Special Counsel

**PAHL & GOSSELIN**
A Professional Law Corporation
Attorneys At Law

225 West Santa Clara Street
Suite 1500
San Jose, California 95113-1752

Telephone: 408-286-5100
Facsimile: 408-286-5722
mail@pahl-gosselin.com

Sender's Direct Dial No.:
(408) 918-2826
Sender's Email Address:
spahl@pahl-gosselin.com

May 31, 2006

Metropolitan Life Insurance Company
Group Life Claims Operations - Team A
P.O. Box 3016
Utica, New York 13504

Re:    Metropolitan Life Insurance Company
       Insured:  Gaylord Chilcote
       Group No. BGG4954860001
       Claim No. 00003305576

Dear Sir or Madam:

I am in receipt of your correspondence of May 23, 2006 with regard to the above-referenced Claim Number. We have made a diligent search as to all of the deposits received in 1998, and at this juncture, cannot ascertain any evidence of receipt of funds from Metropolitan Life. I would appreciate it if you would forward a copy of the front and back of the check forwarded in this matter. Your attention to the foregoing is appreciated.

Sincerely,

PAHL & GOSSELIN
A Professional Corporation

Stephen D. Pahl

SDP:tm
cc:    Client

1484/001 - 00067258.WPD.1

Exhibit D



Stephen D. Pahl
Thomas M. Gosselin
Fenn C. Horton III
Catherine S. Robertson
Jeffrey M. Sulenski
Karen K. McCay
Servando R. Sandoval
Ginger L. Sotelo
Elias F. Portales
Sonia S. Shah

Sarahann Shapiro
Special Counsel

**PAHL & GOSSELIN**
A Professional Law Corporation
Attorneys At Law

225 West Santa Clara Street
Suite 1500
San Jose, California 95113-1752

Telephone: 408-286-5100
Facsimile: 408-286-5722
mail@pahl-gosselin.com

Sender's Direct Dial No.:
(408) 918-2826
Sender's Email Address:
spahl@pahl-gosselin.com

July 19, 2006

Metropolitan Life Insurance Company
Group Life Claims Operations - Team A
P.O. Box 3016
Utica, New York 13504

> Re:    Metropolitan Life Insurance Company
> Insured:  Gaylord Chilcote
> Group No. BGG4954860001
> Claim No. 00003305576

Dear Sir or Madam:

On May 31, 2006, we forwarded to you correspondence which was in reply to yours of May 23, 2006. To date, we have received absolutely no response whatsoever to our correspondence which is now nearing two months old. We would appreciate the courtesy of a response to our communication along with a copy of the evidence of receipt of funds from Metropolitan Life. A copy of our May 31, 2006 correspondence as well as your May 23, 2006 correspondence is attached for your review and file.

Sincerely,

PAHL & GOSSELIN
A Professional Corporation

Stephen D. Pahl

SDP:tm
Enclosures
cc:    Client

1484/001 - 00070263.WPD:1

Exhibit  E



**PAHL &
GOSSELIN**
A Professional Law Corporation
**Attorneys At Law**

Stephen D. Pahl
Thomas M. Gosselin
Fenn C. Horton III
Catherine S. Robertson
Jeffrey M. Sulenski
Karen K. McCay
Servando R. Sandoval
Ginger L. Sotelo
Yesenia Santacruz

Sarahann Shapiro
Special Counsel

225 West Santa Clara Street
Suite 1500
San Jose, California 95113-1752

Telephone: 408-286-5100
Facsimile: 408-286-5722
mail@pahl-gosselin.com

Sender's Direct Dial No.:
(408) 918-2826
Sender's Email Address:
spahl@pahl-gosselin.com

September 25, 2006

Metropolitan Life Insurance Company
Group Life Claims Operations - Team A
P.O. Box 3016
Utica, New York 13504

   Re: Metropolitan Life Insurance Company
     Insured: Gaylord Chilcote
     Group No. BGG4954860001
     Claim No. 00003305576

Dear Sir or Madam:

  On July 19, 2006, we forwarded to you correspondence requesting evidence of receipt of funds from Metropolitan Life concerning the above-referenced death claim. To date, we have received absolutely no response from you whatsoever, either orally or in writing, which is consistent with your failure to respond to our May 31, 2006 correspondence. By copy of this correspondence to the California Insurance Commissioner, we are requesting their involvement to ascertain why there has been no response from your organization. In addition, we would request policyholder arbitration pursuant to the terms and conditions of the policy.

       Sincerely,

       PAHL & GOSSELIN
       A Professional Corporation

       Stephen D. Pahl

SDP:tm
cc: California Insurance Commissioner, Intake Section
  Client

1484/001 - 00074102.WPD.1

Exhibit _F_

| SUPERIOR COURT OF CALIFORNIA, COUNTY OF SANTA CRUZ | | |
|---|---|---|
| Santa Cruz Branch | Watsonville Branch | *For Court Use Only* |
| 701 Ocean Street, Room 110 | 1Second Street, Room 300 | |
| Santa Cruz, CA 95060 | Watsonville, CA 95076 | **F I L E D** |
| PLAINTIFF:    VALLEY HEIGHTS INC | | MAR 2 4 2008 |
| | | ALEX CALVO, CLERK |
| DEFENDANT:  METROPOLITANLIFE INSURANCE COMPANY | | BY JENNIFER SAMBRAILO |
| | | DEPUTY, SANTA CRUZ COUNTY |
| **CASE MANAGEMENT INFORMATION AND SETTING** | | CASE NO: |
| | | **CISCV159827** |

This case is in Santa Cruz County's Case Management Program.  It is the Duty of each party to be familiar with the california rules of court and the date, time and place of the first case management conference.

This notice must be served with the summons on all defendants and cross-defendants.  Notice of any other pending case management conference must be served on subsequently named defendants and corss-defendants.

**ATTENTION DEFENDANT:  YOU HAVE 30 DAYS AFTER THE SUMMONS IS SERVED ON YOU TO FILE A RESPONSE TO THE COMPLAINT.  THE DATE BELOW DOES NOT EXTEND THE TIME TO FILE A RESPONSE.   SEE THE SUMMONS FOR INSTRUCTIONS FOR RESPONDING TO THE SUMMONS AND COMPLAINT.**

---

**The first Case Management Conference hearing date is:**

**Date: 07/22/08**          **Time:  8:29**          **Department No.:  CVO — 4**

Address of the Court: ☑ 701 Ocean Street, Santa Cruz, California    ☐ 1 Second Street, Watsonville, California

---

*Telephonic court appearances are provided through CourtCall to the court.  To make arrangments to appear at the Case Management Conference by telephone, please call the program administrator for CourtCall at (310) 572-4670 or (888) 882-6878 at least five (5) court days prior to the hearing.  DO NOT CALL THE COURT.*

# THE LAWYER'S PLEDGE

In order to raise the standards of civility and professionalism among counsel and between the Bench and the Bar, I hereby pledge the following:

1. To at all times comply with the California Rules of Professional Conduct;
2. To honor all commitments;
3. To be candid in all dealings with the court and counsel;
4. To uphold the integrity of our system of justice and not compromise personal integrity for the sake of a client, case or cause;
5. To seek to accomplish the client's legitimate goals by the most efficient and economical methods possible;
6. To act in a professional manner at all times, to be guided by a fundamental sense of fair play in all dealings with counsel and the court, and to be courteous and respectful to the court;
7. To be on time;
8. To be prepared for all court appearances - to be familiar with all applicable court rules;
9. To adhere to the time deadlines set by statute, rule, or order;
10. To avoid visual displays of pique in response to rulings by the court;
11. To discourage and decline to participate in litigation or tactics that are without merit or are designed primarily to harass or drain the financial resources of the opposing party;
12. To avoid any communications with the judge concerning a pending case unless the opposing party or lawyer is present, or unless permitted by court rules or otherwise authorized by law;
13. To refrain from impugning the integrity of the judicial system, its proceedings, or its members;
14. To treat all court personnel with the utmost civility and professonalism;
15. To remember that conflicts with opposing counsel are professional and not personal - vigorous advocacy is not inconsistent with professional courtesy;
16. To refrain from derogatory statements or discriminatory conduct on the basis of race, religion, gender, sexual orientation or other personal characteristic;
17. To treat adverse witnesses and litigants with fairness and due consideration;
18. To conduct discovery proceedings as if a judicial officer were present;
19. To meet and confer with opposing counsel in a genuine attempt to resolve procedural and discovery matters;
20. To not use discovery to harass the opposition or for any other improper purpose;
21. To not arbitrarily or unreasonably withhold consent to a just and reasonable request for cooperation or accommodation;
22. To not attribute to an opponent a position not clearly taken by that opponent;
23. To avoid unnecessary "confirming" letters and to be scrupulously accurate when making any written confirmation of conversations or events;
24. To not propose any stipulation in the presence of the trier of fact unless previously agreed to by the opponent;
25. To not interrupt the opponent's legal argument;
26. To address opposing counsel, when in court, only through the court;
27. To not seek sanctions against or disqualification of another lawyer to attain a tactical advantage or for any other improper purpose;
28. To not schedule the service of papers to deliberately inconvenience opposing counsel;
29. To refrain, except in extraordinary circumstances, from using the fax machine to demand immediate responses for opposing counsel.

# ADR INFORMATION PACKAGE

Included in this package:

- Cover Page

- Alternative Dispute Resolution Program Notice

- Local Form SUPCV 1012
  (Stipulation and Order to Attend Judicial Mediation or Private Arbitration)

## ATTENTION PLAINTIFFS/CROSS-COMPLAINANTS

**PLAINTIFFS SHALL SERVE A COPY OF THIS ADR INFORMATION PACKAGE ON EACH DEFENDANT ALONG WITH THE COMPLAINT.  CROSS-COMPLAINANTS SHALL SERVE A COPY OF THIS ADR INFORMATION PACKAGE ON ANY NEW PARTIES TO THE ACTION ALONG WITH THE CROSS-COMPLAINT (CRC 3.221)**

STIPULATION AND ORDER TO ATTEND JUDICIAL MEDIATION
OR PRIVATE ARBITRATION

# ALTERNATIVE DISPUTE RESOLUTION PROGRAM NOTICE
## SANTA CRUZ SUPERIOR COURT
## LOCAL RULE 7.1.02(a)

TO:     ALL CIVIL LITIGANTS

RE:     JUDICIAL MEDIATION PROGRAM OF SANTA CRUZ OR OPTION FOR
          PRIVATE ARBITRATION

Alternate Dispute Resolution (ADR) is a process, other than formal litigation, in which a neutral person assists the parties in resolving their dispute. Santa Cruz County's ADR process is Judicial Mediation. If the parties agree to Mediation, it is the policy of this Court to assign appropriate cases to mediation without making a determination of the value of the case.

Appropriate cases will be assigned to Judicial Mediation from the Case Management Conference Calendar. The parties may stipulate to Mediation prior to the Case Management Conference by written stipulation on local form SUPCV 1012. Case Management Conference Statements and requests for continuances should be submitted at least ten days in advance of the hearing.

FOR MORE INFORMATION REGARDING SANTA CRUZ COUNTY'S MEDIATION PROGRAM, SEE LOCAL RULE 7.1 OR CONTACT THE CIVIL CALENDAR DEPARTMENT (SANTA CRUZ) AT (831) 454-2303 OR THE WATSONVILLE BRANCH AT (831) 763-8069.

You may also stipulate to use a private arbitration or mediation service with the same local form 1012. This local form is required to ensure that the case is tracked properly by Court staff.

**STIPULATION AND ORDER TO ATTEND JUDICIAL MEDIATION
OR PRIVATE ARBITRATION**

| ATTORNEY OR PARTY WITHOUT ATTORNEY (*NAME AND ADDRESS*):          TELEPHONE NO.: | For Court Use Only |
|---|---|
| ATTORNEY FOR (*NAME*): | |
| **SUPERIOR COURT OF CALIFORNIA, COUNTY OF SANTA CRUZ**<br>☐ Santa Cruz                    ☐ Watsonville Branch<br>    701 Ocean Street, Room 110           1430 Freedom Boulevard<br>    Santa Cruz, CA 95060                     Watsonville, CA 95076 | |
| Plaintiff/Petitioner:<br><br>Defendant/Respondent: | |
| **STIPULATION AND ORDER TO ATTEND JUDICIAL MEDIATION**<br>**OR PRIVATE ARBITRATION**<br>Must be filed 10 days before Case Management Conference | CASE NO. |

FOR GOOD CAUSE as stated in the attached supporting declaration,
CASE MANAGEMENT CONFERENCE CURRENTLY SET FOR:   (DATE)_____
CHECK ONLY ONE BOX:

1. (  ) The parties stipulate to court ordered mediation.

2. (  ) The parties stipulate to private mediation or arbitration, to be arranged by the parties and completed within 120 days of the current CMC date stated above.  The parties agree that such process shall be a good faith attempt to resolve the case.

**SIGNATURES OF COUNSEL:**

_____        TYPE NAME: _____

DATE: _____        ATTORNEY FOR: _____

_____        TYPE NAME: _____

DATE: _____        ATTORNEY FOR: _____

☐ ADDITIONAL SIGNATURES IN ATTACHMENT "A"

### ORDER

**BASED ON THE STIPULATION OF THE PARTIES, THE SUPPORTING DECLARATION,**
**AND FINDING GOOD CAUSE, THE APPLICATION IS HEREBY GRANTED**

☐ SET FOR JUDICIAL MEDIATION ON: _____ AT: _____ a.m./p.m.

☐ VACATE CMC CURRENTLY SET FOR: _____ AT: _____ a.m./p.m.

Date: _____        _____
                                                    **JUDGE OF THE SUPERIOR COURT**

SUPCV-1012 (Rev. 1/07)                                                                    Page 3 of 3
                                                                                               Local Rule 7.1.02
**STIPULATION AND ORDER TO ATTEND JUDICIAL MEDIATION**
**OR PRIVATE ARBITRATION**

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address): | FOR COURT USE ONLY |
|---|---|

ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address):
Michael J. Cheng                    244414
Pahl & McCay
225 W. Santa Clara St., Suite 1500
San Jose, CA 95113-1752
TELEPHONE NO.: (408) 286-5100   FAX NO.: (408) 286-5722
ATTORNEY FOR (Name): Plaintiff

SUPERIOR COURT OF CALIFORNIA, COUNTY OF SANTA CRUZ
STREET ADDRESS: 701 Ocean Street
MAILING ADDRESS:
CITY AND ZIP CODE: Santa Cruz, CA 95060
BRANCH NAME: Unlimited Jurisdiction

CASE NAME: Valley Heights v. Met Life

**FILED**
MAR 2 4 2008

ALEX CALVO, CLERK
BY JENNIFER SAMBRAILO
DEPUTY, SANTA CRUZ COUNTY

| CIVIL CASE COVER SHEET | Complex Case Designation | CASE NUMBER: CV 159827 JF |
|---|---|---|
| [X] Unlimited   [ ] Limited (Amount demanded exceeds $25,000) (Amount demanded is $25,000 or less) | [ ] Counter   [ ] Joinder Filed with first appearance by defendant (Cal. Rules of Court, rule 3.402) | JUDGE: |
| | | DEPT.: |

*Items 1-6 below must be completed (see instructions on page 2).*

1. Check **one** box below for the case type that best describes this case:

**Auto Tort**
[ ] Auto (22)
[ ] Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
[ ] Asbestos (04)
[ ] Product liability (24)
[ ] Medical malpractice (45)
[ ] Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
[ ] Business tort/unfair business practice (07)
[ ] Civil rights (08)
[ ] Defamation (13)
[ ] Fraud (16)
[ ] Intellectual property (19)
[ ] Professional negligence (25)
[ ] Other non-PI/PD/WD tort (35)

**Employment**
[ ] Wrongful termination (36)
[ ] Other employment (15)

**Contract**
[X] Breach of contract/warranty (06)
[ ] Rule 3.740 collections (09)
[ ] Other collections (09)
[ ] Insurance coverage (18)
[ ] Other contract (37)

**Real Property**
[ ] Eminent domain/inverse condemnation (14)
[ ] Wrongful eviction (33)
[ ] Other real property (26)

**Unlawful Detainer**
[ ] Commercial (31)
[ ] Residential (32)
[ ] Drugs (38)

**Judicial Review**
[ ] Asset forfeiture (05)
[ ] Petition re: arbitration award (11)
[ ] Writ of mandate (02)
[ ] Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400-3.403)**
[ ] Antitrust/Trade regulation (03)
[ ] Construction defect (10)
[ ] Mass tort (40)
[ ] Securities litigation (28)
[ ] Environmental/Toxic tort (30)
[ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
[ ] Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
[ ] RICO (27)
[ ] Other complaint (not specified above) (42)

**Miscellaneous Civil Petition**
[ ] Partnership and corporate governance (21)
[ ] Other petition (not specified above) (43)

2. This case [ ] is   [X] is not   complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties       d. [ ] Large number of witnesses
   b. [ ] Extensive motion practice raising difficult or novel  e. [ ] Coordination with related actions pending in one or more courts issues that will be time-consuming to resolve            in other counties, states, or countries, or in a federal court
   c. [ ] Substantial amount of documentary evidence           f. [ ] Substantial postjudgment judicial supervision
3. Remedies sought (check all that apply): a. [ ] monetary b. [ ] nonmonetary; declaratory or injunctive relief  c. [ ] punitive
4. Number of causes of action (specify): One
5. This case [ ] is   [X] is not   a class action suit.
6. If there are any known related cases, file and serve a notice of related case. (You may use form CM-015.)

Date: March 21, 2008

Michael J. Cheng
(TYPE OR PRINT NAME)                              ► _____
                                                    (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

---

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

| Form Adopted for Mandatory Use Judicial Council of California CM-010 [Rev. July 1, 2007] | Martin Dean's ESSENTIAL FORMS™ | **CIVIL CASE COVER SHEET** | Cal. Rules of Court, rules 2.30, 3.220, 3.400-3.403, 3.740; Cal. Standards of Judicial Administration, std. 3.10 www.courtinfo.ca.gov |

1484-034

JS 44 (Rev. 11/04)

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
Valley Heights, Inc.

## DEFENDANTS
Metropolitan Life Insurance Company

**(b)** County of Residence of First Listed Plaintiff _____
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant _____
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE
OF LAND INVOLVED.

**(c)** Attorney's (Firm Name, Address, and Telephone Number)
Michael J. Cheng
Pahl & McCay
225 West Santa Clara Street, Suite 1500
San Jose, CA 95113
408-286-5100

Attorneys (If Known)
Rebecca A. Hull (99802)/Nicole O. Snyder (250636)
Sedgwick, Detert, Moran & Arnold LLP
One Market Plaza, Steuart Tower, 8th
San Francisco, CA 94105
415-781-7900

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

☐ 1 U.S. Government Plaintiff

☐ 2 U.S. Government Defendant

☒ 3 Federal Question (U.S. Government Not a Party)

☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff
(For Diversity Cases Only) and One Box for Defendant)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury - Product Liability | ☐ 625 Drug Related Seizure of | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | Property 21 USC 881 | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | ☐ 630 Liquor Laws | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | **PERSONAL PROPERTY** | ☐ 640 R.R. & Truck | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 370 Other Fraud | ☐ 650 Airline Regs. | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 371 Truth in Lending | ☐ 660 Occupational Safety/Health | **SOCIAL SECURITY** | ☐ 490 Cable/Sat TV |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 380 Other Personal Property Damage | ☐ 690 Other | ☐ 861 HIA (1395ff) | ☐ 810 Selective Service |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 385 Property Damage Product Liability | **LABOR** | ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 195 Contract Product Liability | | | ☐ 710 Fair Labor Standards Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 196 Franchise | | | ☐ 720 Labor/Mgmt. Relations | ☐ 864 SSID Title XVI | ☐ 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act | ☐ 865 RSI (405(g)) | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motion to Vacate Sentence Habeas Corpus: | ☐ 740 Railway Labor Act | **FEDERAL TAX SUITS** | ☐ 892 Economic Stabilization Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | ☐ 530 General | ☐ 790 Other Labor Litigation | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 893 Environmental Matters |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations | ☐ 535 Death Penalty | ☒ 791 Empl. Ret. Inc. Security Act | ☐ 871 IRS - Third Party 26 USC 7609 | ☐ 894 Energy Allocation Act |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 540 Mandamus & Other | | | ☐ 895 Freedom of Information Act |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 550 Civil Rights | | | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | ☐ 555 Prison Condition | | | ☐ 950 Constitutionality of State Statutes |
| | ☐ 440 Other Civil Rights | | | | |

## V. ORIGIN (Place an "X" in One Box Only)

☐ 1 Original Proceeding

☒ 2 Removed from State Court

☐ 3 Remanded from Appellate Court

☐ 4 Reinstated or Reopened

☐ 5 Transferred from another district (specify)

☐ 6 Multidistrict Litigation

☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
28 U.S.C. §§ 1331, 1441(a), 1441(b) and 1441(c)

Brief description of cause:

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND:  ☐ Yes  ☒ No

## VIII. RELATED CASE(S) IF ANY
(See instructions): JUDGE _____  DOCKET NUMBER _____

DATE
May 08, 2008

SIGNATURE OF ATTORNEY OF RECORD

FOR OFFICE USE ONLY
RECEIPT # _____  AMOUNT _____  APPLYING IFP _____  JUDGE _____  MAG. JUDGE _____

NDC-JS44

JS 44 Reverse (Rev. 11/04)

## INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS 44

### Authority For Civil Cover Sheet

The JS 44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. The attorney filing a case should complete the form as follows:

**I. (a) Plaintiffs-Defendants.** Enter names (last, first, middle initial) of plaintiff and defendant. If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations. If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.

(b) County of Residence. For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing. In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing. (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)

(c) Attorneys. Enter the firm name, address, telephone number, and attorney of record. If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

**II. Jurisdiction.** The basis of jurisdiction is set forth under Rule 8(a), F.R.C.P., which requires that jurisdictions be shown in pleadings. Place an "X" in one of the boxes. If there is more than one basis of jurisdiction, precedence is given in the order shown below.

United States plaintiff. (1) Jurisdiction based on 28 U.S.C. 1345 and 1348. Suits by agencies and officers of the United States are included here.

United States defendant. (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.

Federal question. (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States. In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked.

Diversity of citizenship. (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states. When Box 4 is checked, the citizenship of the different parties must be checked. (See Section III below; federal question actions take precedence over diversity cases.)

**III. Residence (citizenship) of Principal Parties.** This section of the JS 44 is to be completed if diversity of citizenship was indicated above. Mark this section for each principal party.

**IV. Nature of Suit.** Place an "X" in the appropriate box. If the nature of suit cannot be determined, be sure the cause of action, in Section VI below, is sufficient to enable the deputy clerk or the statistical clerks in the Administrative Office to determine the nature of suit. If the cause fits more than one nature of suit, select the most definitive.

**V. Origin.** Place an "X" in one of the seven boxes.

Original Proceedings. (1) Cases which originate in the United States district courts.

Removed from State Court. (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441. When the petition for removal is granted, check this box.

Remanded from Appellate Court. (3) Check this box for cases remanded to the district court for further action. Use the date of remand as the filing date.

Reinstated or Reopened. (4) Check this box for cases reinstated or reopened in the district court. Use the reopening date as the filing date.

Transferred from Another District. (5) For cases transferred under Title 28 U.S.C. Section 1404(a). Do not use this for within district transfers or multidistrict litigation transfers.

Multidistrict Litigation. (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407. When this box is checked, do not check (5) above.

Appeal to District Judge from Magistrate Judgment. (7) Check this box for an appeal from a magistrate judge's decision.

V. Nature of Suit. Place an "X" in the appropriate box. If the nature of suit cannot be determined, be sure the cause of action, in Section IV above, is sufficient to enable the deputy clerk or the statistical clerks in the Administrative Office to determine the nature of suit. If the cause fits more than one nature of suit, select the most definitive.

**VI. Cause of Action.** Report the civil statute directly related to the cause of action and give a brief description of the cause. **Do not cite jurisdictional statutes unless diversity.** Example:    U.S. Civil Statute: 47 USC 553
Brief Description: Unauthorized reception of cable service

**VII. Requested in Complaint.** Class Action. Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.

Demand. In this space enter the dollar amount (in thousands of dollars) being demanded or indicate other demand such as a preliminary injunction.

Jury Demand. Check the appropriate box to indicate whether or not a jury is being demanded.

**VIII. Related Cases.** This section of the JS 44 is used to reference related pending cases if any. If there are related pending cases, insert the docket numbers and the corresponding judge names for such cases.

**Date and Attorney Signature.** Date and sign the civil cover sheet.