SEDGWICK, DETERT, MORAN & ARNOLD LLP
REBECCA A. HULL  Bar No. 99802
NICOLE O. SNYDER  Bar No. 250636
One Market Plaza
Steuart Tower, 8th Floor
San Francisco, California 94105
Telephone: (415) 781-7900
Facsimile: (415) 781-2635

Attorneys for Defendant
METROPOLITAN LIFE INSURANCE COMPANY

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| VALLEY HEIGHTS, INC., a California corporation,<br><br>              Plaintiff,<br><br>       v.<br><br>METROPOLITAN LIFE INSURANCE COMPANY, and DOES 1 through 20, inclusive,<br><br>              Defendant. | CASE NO. C 08-02388 HRL<br><br>**NOTICE OF MOTION AND MOTION TO DISMISS; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT METROPOLITAN LIFE INSURANCE COMPANY'S MOTION TO DISMISS THE COMPLAINT FOR FAILURE TO STATE A CLAIM**<br><br>**[Fed. R. Civ. P. 12(b)(6)]**<br><br>Date:      June 24, 2008<br>Time:      10:00 a.m.<br>Dept.:     2<br>Judge:     Magistrate Judge Howard R. Lloyd<br>Location:  USDC – Northern District (San Jose) |

TO PLAINTIFF VALLEY HEIGHTS, INC. AND ITS ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that on **June 24, 2008, at 10:00 a.m.**, or as soon thereafter as the matter may be heard, in Courtroom 2 of the above-captioned Court, located at 280 South 1st Street, San Jose, CA 95113, Defendant Metropolitan Life Insurance Company ("MetLife") will and hereby does move to dismiss Plaintiff's Complaint for failure to state a claim upon which relief can be granted pursuant to Rule 12(b)(6).

This motion is made on the ground that the sole cause of action in the Complaint, for breach of contract, is asserted under state law, whereas all state law claims which Plaintiff may

1  purport to have with regard to the matters set forth in the Complaint are preempted by the

2  Employee Retirement Income Security Act, 29 U.S.C. § 1001 *et seq.* ("ERISA").  On its face, the

3  allegations of the Complaint (including the insurance policy referenced therein) show that Plaintiff

4  seeks life insurance benefits under an employee welfare benefit plan that was funded and insured

5  through a policy of group life insurance issued by MetLife's predecessor-in-interest, Business

6  Men's Assurance Company of America ("BMA").  Therefore, Plaintiff's sole remedy with regard

7  to its failure to receive the proceeds of the policy, if any, is under ERISA.

8       Plaintiff's claim for breach of contract against MetLife must be dismissed because it fails

9  to state a claim upon which relief can be granted.  Further, dismissal should be *with prejudice*, as

10 Plaintiff has not alleged, and based upon the totality of its pleadings it plainly cannot allege, facts

11 that are material to its claim, whether under ERISA or under state law as presently alleged.

12      This motion is based on this Notice of Motion and Motion, the accompanying

13 Memorandum of Points and Authorities, the pleadings and other documents on file in this action,

14 and on such other and further matters as may be presented to the Court at or prior to the hearing.

15 DATED: May 16, 2008              SEDGWICK, DETERT, MORAN & ARNOLD LLP

16

17                                By:/s/ Nicole O. Snyder
                                     Rebecca A. Hull
18                                   Nicole O. Snyder
                                     Attorneys for Defendant
19                                   METROPOLITAN LIFE INSURANCE
                                     COMPANY
20

21                  **MEMORANDUM OF POINTS AND AUTHORITIES**

22      **I.    INTRODUCTION**

23      The sole claim attempted to be stated against MetLife in the Complaint is one for breach

24 of contract under California law.  Plaintiff's rights are said to arise under a group policy of life

25 insurance ("Policy") issued by MetLife's predecessor-in-interest, which covered Plaintiff's former

26 employee, Gaylord Dwight Chilcote ("Chilcote").  Specifically, the Complaint asserts that

27 MetLife breached a contract (the Policy) by failing to pay Plaintiff upon receiving proof of the

28 death of Chilcote.

1    Plaintiff's attempted state law claim for breach of contract is preempted by federal law.

2    The parties' relationships and rights under the circumstances as alleged arise solely under and are

3    exclusively governed by the Employee Retirement Income Security Act of 1974 ("ERISA"), 29

4    U.S.C. § 1001, *et seq.* Plaintiff has styled its claim as one arising under state law and has avoided

5    mentioning ERISA, but the Complaint is, in that respect, a sham pleading. The only remedy, if

6    any, that Plaintiff may have with regard to its purported right to receive Policy benefits due to the

7    death of Chilcote is under section 503 of ERISA, which establishes the exclusive remedy for all

8    issues regarding failure to receive a payment under an employee benefit plan. 29 U.S.C. §§ 1132,

9    1144.

10    Because Plaintiff's rights and potential remedies, if any, are governed exclusively by

11    federal law, the Complaint is subject to dismissal. Furthermore, the Complaint should be

12    dismissed *with prejudice*, because even if viewed as a claim arising under ERISA, the allegations

13    of the Complaint state no viable claim, in that Plaintiff alleges that it failed to receive payment of

14    the Policy proceeds, but Plaintiff does not allege that it was the designated beneficiary or that by

15    operation of law or otherwise it is entitled to payment of the Policy proceeds. Indeed, the

16    Complaint as presently stated entirely negates the potential for such an allegation by Plaintiff,

17    because attached to the Complaint and incorporated therein by reference is evidence that

18    precludes the possibility that Plaintiff could be found to be the proper beneficiary. Dismissal with

19    prejudice is appropriate, because these defects cannot be cured by an amendment.

20    **II.    STATEMENT OF FACTS**

21    **A.    Allegations of the Complaint**

22    Plaintiff alleges that BMA, MetLife's predecessor-in-interest, executed and delivered the

23    Policy to Plaintiff on or about November 1, 1991, thereby insuring Chilcote's life. (Compl. ¶ 6.)

24    The Complaint further alleges that Chilcote died on or about November 17, 1998, in Watsonville,

25    California, and that in some unspecified manner BMA thereby became obligated to pay Plaintiff

26    the sum of $100,000 upon receipt of proof that Chilcote died while covered under the Policy.

27    (Compl. ¶ 7.) What the Complaint does not allege, however, is that Plaintiff was Chilcote's

28    beneficiary, either by designation or by the terms of the Policy.

1    Plaintiff alleges that BMA sold part of its group life insurance book of business, including

2    the Policy, to MetLife in the year 2000.  (Compl. ¶8.)  Plaintiff claims that it did not discover the

3    existence of the Policy until approximately April 2006, notwithstanding that it alleges (in

4    paragraph 6), that the Policy was both issued *and delivered* to Plaintiff.  (Compl. ¶ 9.)

5    Plaintiff alleges that it submitted a claim form to MetLife on or about May 2, 2006, and

6    that MetLife responded that the benefits already been paid.  (Compl. ¶¶ 10-11.)  Plaintiff alleges

7    that it then sent three letters to MetLife, seeking payment of the benefits, but did not receive a

8    payment.  (Compl. ¶¶ 12-15.)

9    Plaintiff attempts to plead a claim for breach of contract, based on allegations that MetLife

10    did not pay Plaintiff $100,000 on receiving proof of the death of Chilcote.  (Compl. ¶¶ 17-20.)

11    Plaintiff seeks damages, prejudgment interest, and costs of suit.  (Compl. 4:23-27.)

12    None of the foregoing allegations state a claim against MetLife, because on the face of the

13    Complaint all potential state law claims and theories are preempted by ERISA.  Attached to the

14    Complaint, and incorporated by reference, is a copy of what Plaintiff alleges is the Policy.  Of

15    relevance here, the Policy by its terms provides that an insured person "has the right to name the

16    beneficiary" under the Policy.[1]  The Policy also includes a "Statement of ERISA Rights," which

17    confirms that the parties' relationships and rights are governed by ERISA.  (Compl. Exh. A, p.

18    25.)

19    Also attached to the Complaint, and incorporated by reference, is a copy of what appears

20    to be a claim form for the benefits, which the Complaint alleges was submitted to MetLife on May

21    2, 2006.  (Compl. Exh. B and ¶ 10.)  That document does not establish that Plaintiff made a claim

22    to MetLife for the benefits – rather, it shows on its face that an individual who is not a party to

23    this action, Richard F. Murphy, submitted a claim asserting that he was the beneficiary under the

24    Policy.  (Compl. Exh. B, p. 3.)

25

26    [1] Where no named beneficiary survives the insured, the succession of beneficiaries is
determined according to the following order of priority: (1) the insured's spouse; or if none, (2)

27    the insured's children equally; or if none, (3) the insured's parents equally; or if none, (4) the
insured's brothers and sisters equally; or if none, (5) the executor or administrator of the insured's

28    estate.  (Compl. Exh. A, p. 9.)

III.  **ARGUMENT**

A.  **Plaintiff's Claim for Breach of Contract Is Preempted and Must Be Dismissed**

     1.  ERISA Governs Claims Relating to Employee Welfare Benefits Plans

ERISA broadly preempts state law claims that relate to "any employee welfare benefit plan."[2]  29 U.S.C. § 1144(a).  An employee welfare benefit plan is a "plan, fund or program" that is "established by an employer" to provide benefits in the event of illness, disability or certain other conditions.  29 U.S.C. § 1002(1)(A).  A state law claim "relates to" an employee benefit plan "if it has a connection with or reference to such a plan."  *Gibson v. Prudential Inc. Co. of Am.*, 915 F.2d 414, 416 (9th Cir. 1990) (citing *Shaw v. Delta Air Lines, Inc.,* 463 U.S. 85, 96-97 (1983)).  Even claims that do not explicitly refer to benefit plans, but that arise from or involve administration of such plans, whether directly or indirectly, are preempted.  *Id*. at 414.

The Supreme Court has given a broad, common sense meaning to the phrase "relates to any employee benefit plan."  A state law claim relates to an ERISA plan if it has "a connection with or reference to such a plan."  *Shaw*, 463 U.S. at 96-97.  A claim need not explicitly refer to an employee welfare benefit plan; the fact that a state law claim does not *directly* refer to an employee welfare benefit plan does not control whether the claim is preempted.  *Alessi v. Raybestos-Manhattan, Inc.*, 451 U.S. 504, 525-26 (1981).

State law is preempted when it purports to regulate "*the matters regulated by ERISA*."  *Olson v. General Dynamics Corp.*, 960 F.2d 1418, 1421 (9th Cir. 1992) (emphasis added).  Preemption of state law claims by ERISA depends upon the conduct which the claim alleges, not on the form or label of the claim.  *Scott v. Gulf Oil Corp.*, 754 F.2d 1499, 1504 (9th Cir. 1985).  Moreover, claims relating to an ERISA plan may be preempted even if ERISA provides no remedy.  *Olson*, 960 F.2d at 1422-23.  Such claims must be dismissed as preempted; any "gap" in

---

[2]  "ERISA's preemption clause is deliberately expansive and contains one of the broadest preemption clauses ever enacted by Congress."  *Spain v. Aetna Life Ins. Co.*, 11 F.3d 129, 131 (9th Cir. 1993) (citing *Pilot Life Ins. Co. v. Dedeaux*, 481 U.S. 41 (1987)).  Laws that "regulate insurance" are not preempted by ERISA, but that exception is limited to laws that apply exclusively "to entities within the insurance industry."  *Pilot Life*, 481 U.S. at 49.

1  the law "is the concern of Congress," not the courts.  *Id.* at 1423.  Consequently, ERISA

2  preempts state decisional law as completely as it does state legislation, when either relates to

3  employee welfare benefit plans.  *Gibson*, 915 F.2d 414; *Kanne v. Connecticut Gen. Life Ins. Co.*,

4  867 F.2d 489 (9th Cir. 1988).

5        The effect of ERISA preemption is that the state law claims simply vanish, and the plaintiff

6  then has the right to maintain a suit, if at all, only under ERISA for recovery of benefits.  The

7  Ninth Circuit has uniformly held that state common law claims such as those alleged here are

8  preempted by ERISA.[3]  As shown, *infra*, Plaintiff's claim for breach of contract is preempted by

9  ERISA, and must therefore be dismissed.

10                2.       Plaintiff's Claim "Relates to" an Employee Welfare Benefit Plan

11        Here, Plaintiff's claims are premised on MetLife's failure to make payments that Plaintiff

12  claims it was entitled to receive under the terms of the Policy, which on its face is part of an

13  ERISA plan.  (Compl. ¶¶ 6-8 and 15-20.)  The Policy insured the life of Chilcote, and Chilcote's

14  coverage under the Policy arose by reason of his employment with Plaintiff.  (Compl. ¶ 6 and Exh.

15  A at p. 25.)  The Policy proceeds therefore are the benefits provided by an ERISA-governed

16  "employee welfare benefit plan."  If Plaintiff has a right to such benefits, that right necessarily

17  must be under the Policy, which is part of an ERISA-regulated plan.  As such, Plaintiff's state law

18  claim for the benefits plainly "relates to" an ERISA benefits plan and arises under and is subject to

19  ERISA.

20        The claim has a "connection with" the Policy and plan, because that is the only means by

21  which Plaintiff can recover the benefits at issue; it is by the terms of the Policy that Plaintiff's

22  claim for the benefits will be determined.  Second, Plaintiff's claim has a "reference to" the Policy

23  and plan, in that the pleadings explicitly refer to the life insurance benefits and the fact that the

24  Policy was issued as part of Plaintiff's employee benefit program covering employees including

25  Chilcote.  (Compl. ¶¶ 6-8 and Exh. A.)

26

27        [3] *Gibson* held that breach of contract and fraud claims were preempted because they were
premised upon efforts to attain disability benefits under the plan.  *Dytrt v. Mountain State Tel. &
Tel. Co.*, 921 F.2d 889, 897 (9th Cir. 1990) held that ERISA preempts claims for breach of a
28  contractual covenant of good faith.

1     Plaintiff's claim, although presented as one for breach of contract, necessarily relates to

2 the Policy and its benefits (insured and administered by MetLife).  Although Plaintiff has framed

3 its legal theories under state law, its actual legal rights are only those created and conferred by

4 ERISA.  *Greany v. Western Farm Bureau Life Ins. Co.*, 973 F.2d 812 (9th Cir. 1992) (claims for

5 negligence and intentional interference with contract preempted by ERISA); *see also Pilot Life*

6 *Ins. Co. v. Dedeaux*, 481 U.S. 41 (1987); *Kanne*, 867 F.2d at 493-94; *Johnson*, 857 F.2d at 517

7 (intentional infliction of emotional distress and fraud claims fail under ERISA).

8             3.     The Complaint Fails to State a Claim as Framed

9     Because Plaintiff's state law theories of relief are preempted, the Complaint fails to state a

10 claim against MetLife.

11     Moreover, even if Plaintiff's attempted claim for breach of contract were not preempted

12 by ERISA – which it is – the Complaint nevertheless would be subject to dismissal for failure to

13 state a claim.  Plaintiff's Complaint is based upon MetLife's failure to pay the benefits to Plaintiff

14 upon receiving proof of the death of Chilcote.  Even if Plaintiff could sue under state law, there is

15 a fundamental flaw in the pleadings – Plaintiff nowhere alleges that it is Chilcote's beneficiary.  As

16 such, MetLife cannot have breached the contract (or violated ERISA) by failing to pay the

17 benefits to Plaintiff upon the death of Chilcote.

18             4.     The Remedies Sought by Plaintiff Are Preempted

19     Even if ERISA did not directly preempt Plaintiff's state law claim, which it does, ERISA

20 prohibits state law claims that would provide remedies or procedures that conflict with its

21 exclusive civil enforcement scheme.  *Massachusetts Mutual Life Ins. Co. v. Russell*, 473 U.S.

22 134, 140 (1985); *Pilot Life*, 481 U.S. at 54 ("The policy choices reflected in the inclusion of

23 certain remedies and the exclusion of others under the federal scheme would be completely

24 undermined if ERISA-plan participants and beneficiaries were free to obtain remedies under state

25 law that Congress rejected in ERISA"); *Metropolitan Life Ins. Co. v. Taylor*, 481 U.S. 58 (1987)

26 (suit by beneficiary to recover benefits from employee benefit plan/insurance policy "falls directly

27 under § 502(a)(1) of ERISA, which provides an exclusive federal cause of action for resolution of

28 such disputes").  "[A]ny state-law cause of action that duplicates, supplements, or supplants the

ERISA civil enforcement remedy conflicts with the clear congressional intent to make the ERISA remedy exclusive and is therefore pre-empted." *Aetna Health Inc. v. Davila*, 542 U.S. 200, 209 (2004) (citations omitted).

Because Plaintiff's state law claim for breach of contract seeks remedies beyond those afforded by ERISA, it is preempted and must be dismissed.

### B.    Dismissal Should Be With Prejudice

As set forth above, Plaintiff's entire Complaint is based upon MetLife's failure to pay the benefits to Plaintiff, as Plaintiff alleges is required by the Policy.  There are no factual allegations to support that theory.

Most significantly, *nowhere in the Complaint does Plaintiff plead that it was Chilcote's beneficiary*.  Therefore, whether viewed under ERISA or under state law, the Complaint is missing a material factual element.  Rule 12(b)(6) requires Plaintiff to plead its grounds for entitlement to relief, and to provide factual allegations sufficient to raise the right to relief "above the speculative level." *Bell Atlantic Corp. v. Twombly*, ___ U.S. ___, ___, 127 S.Ct. 1955, 1964-65 (2007).  By requiring the Court to speculate as to whether Plaintiff is Chilcote's beneficiary, Plaintiff has patently failed to meet the pleading requirements of federal law.

Moreover, the totality of Plaintiff's Complaint precludes the possibility that Plaintiff could amend to allege this key fact.  The Complaint incorporates the attached documents, which include a claim form showing that the alleged beneficiary, and the person who unsuccessfully sought the benefits, was <u>not</u> Plaintiff but someone named Richard F. Murphy.  If Plaintiff were to amend, it would be bound by the present pleadings and would not be permitted to make contradictory allegations – such as an assertion that Plaintiff, rather than Richard F. Murphy – is the person who unsuccessfully sought benefits and is entitled to sue for failure to receive them.[4]

Because the deficiencies of the Complaint cannot be cured by an amendment, it should be dismissed *with prejudice*, in light of Plaintiff's tacit admission (through the incorporation of

---

[4] The Policy, as noted above, also provides for payment of benefits in instances where no beneficiary has been designated.  The Complaint does not allege facts that, if established, could bring Plaintiff within that provision.

documents that negate its purported standing as a beneficiary) that it is not Chilcote's beneficiary. It is well established in this Circuit that, "[a]lthough there is a general rule that parties are allowed to amend their pleadings, it does not extend to cases in which any amendment would be an exercise in futility or where the amended complaint would also be subject to dismissal." *Steckman v. Hart Brewing*, 143 F.3d 1293 (9th Cir. 1998) (citations omitted).  Accordingly, as no amendment of the Complaint would cure its defects, and the Court should therefore dismiss the Complaint with prejudice.

## IV.  <u>CONCLUSION</u>

Plaintiff's Complaint alleges only a state law claim for breach of contract based upon MetLife's alleged failure to make a payment due to Plaintiff under the terms of the Policy, an employee welfare benefit plan.  That claim necessarily is preempted by ERISA.

Even viewed as an ERISA claim, however, the Complaint fails to state a claim because it does not allege facts that, if proved, would show that Plaintiff is the beneficiary.  Moreover, in light of the allegations of the Complaint as stated, no amendment could cure the deficiencies and dismissal therefore should be entered, with prejudice.

DATED: May 16, 2008                    SEDGWICK, DETERT, MORAN & ARNOLD LLP


By:/s/ Nicole O. Snyder
   Rebecca A. Hull
   Nicole O. Snyder
   Attorneys for Defendant
   METROPOLITAN LIFE INSURANCE
   COMPANY