PAHL & McCAY
A Professional Corporation
**Stephen D. Pahl, Esq.** (State Bar No. 95900)
**Michael J. Cheng, Esq.** (State Bar No.244414)
225 West Santa Clara Street
Suite 1500
San Jose, California 95113-1752
Telephone No.: (408) 286-5100
Facsimile No.: (408) 286-5722

Attorneys for Plaintiff
VALLEY HEIGHTS, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| VALLEY HEIGHTS, INC., a California corporation,<br><br>    Plaintiff,<br><br>v.<br><br>METROPOLITAN LIFE INSURANCE COMPANY, and DOES 1 through 20, inclusive,<br><br>    Defendants. | Case No. C08-02388<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO DEFENDANT'S MOTION TO DISMISS THE COMPLAINT FOR FAILURE TO STATE A CLAIM**<br><br>[Fed. R. Civ. P. 12(b)(6)]<br><br>Date:  August 8, 2008<br>Time:  9:00 a.m.<br>Crtm:  3<br>Honorable Jeremy Fogel<br>USDC Northern District (San Jose) |

I.

INTRODUCTION

Plaintiff VALLEY HEIGHTS, INC. ("Plaintiff") by and through its attorneys of record hereby submits the following Memorandum of Points and Authorities in Opposition to Defendant METROPOLITAN LIFE INSURANCE COMPANY's ("Defendant") Motion to Dismiss the Complaint for Failure to State a Claim. As demonstrated below, the Court must deny the instant motion because Defendant has not met its burden in establishing that the life insurance policy (the "Policy") falls within the scope of the Employee Retirement Income Security Act ("ERISA"). Even if there is a finding that the current action is

---
1
**MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION**   (Case No. C08-02388)

preempted by ERISA, the Court must grant Plaintiff leave to amend its Complaint and state its federal claims under ERISA, because Defendant has not disputed the existence of the Policy or its obligation to make payment.

## II.
## SUMMARY OF COMPLAINT

The Complaint alleges that Defendant's predecessor-in-interest, Business Men's Assurance Company of America ("BMA"), insured the life of Gaylord Dwight Chilcote, and that Plaintiff became entitled to receive the sum of $100,000 under the Policy. [Complaint ¶¶ 6-7.] The Complaint further alleges that in the year 2000, Defendant purchased part of BMA's insurance book of business, which included the Policy, and has since failed and refused to make payment under the Policy. [Complaint ¶¶ 8, 19.] Neither the Complaint nor its attached exhibits themselves indicate that the Policy falls within the scope of ERISA[1], nor do they demonstrate that the Policy was maintained or established by Plaintiff.

## III.
## LEGAL ARGUMENT

**A.    STANDARD OF REVIEW**

A Rule 12(b)(6) motion tests the legal sufficiency of the claim stated in the complaint. The court must decide whether the facts alleged, if true, would entitle plaintiff to some form of legal remedy. Unless the answer is unequivocally "no", the motion must be denied. Conley v. Gibson, 355 U.S. 41, 45-46 (1957); De La Cruz v. Tormey, 582 F.2d 45, 48 (9th Cir. 1978). As such, a Rule 12(b)(6) dismissal is proper only in "extraordinary" cases. United States v. Redwood City, 640 F.2d 963, 966 (9th Cir. 1981).

Dismissal is proper only where there is either a "lack of a cognizable legal theory" or "the absence of sufficient facts alleged under a cognizable legal theory." Balisteri v.

---

[1] Although a "Statement of ERISA Rights" is attached to the Policy, this alone does not confirm that the parties' relationships and rights are governed by ERISA. Instead, the statement merely provides that the "claimant is entitled to certain rights and protections under ERISA, and also provides that "if the claimant has a claim for benefits which is denied or ignored, in whole or in part, the claimant may file suit in a state or federal court." [Complaint, Exhibit A.]

Pahl & McCay
A Professional Corp.
225 W. Santa Clara St.
Suite 1500
San Jose, CA 95113
(408) 286-5100

1484-034
00123209.WPD

2
MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION    (Case No. C08-02388)

Pacifica Police Dept., 901 F.2d 696, 699 (9th Cir. 1990). Further, where the defense disclosed in the complaint is conditional rather than absolute, a Rule 12(b)(6) motion to dismiss should be denied. McCalden v. California Library Ass'n., 955 F.2d 1214, 1219 (9th Cir. 1990).

In reviewing a Rule 12(b)(6) motion, the court must accept as true all material allegations in the complaint, as well as reasonable inferences to be drawn from them. Pareto v. F.D.I.C., 139 F.3d 696, 699 (9th Cir. 1998). No matter how improbable the facts alleged are, they must be accepted as true for purposes of the motion. Neitzke v. Williams, 490 U.S. 319, 328-329 (1989). Courts must also assume that all general allegations embrace whatever specific facts might be necessary to support them. Peloza v. Capistrano Unified School Dist., 37 F.3d 517, 521 (9th Cir. 1994). Furthermore, a court cannot consider material outside the complaint. Arpin v. Santa Clara Valley Transp. Agency, 261 F.3d 912, 915 (9th Cir. 2001). When a complaint's allegations are capable of more than one inference, the court must adopt whichever inference supports a valid claim. Columbia Natural Resources, Inc. v. Tatum, 58 F.3d 1101, 1109 (6th Cir. 1995).

**B.  DEFENDANT HAS NOT MET ITS BURDEN OF PROVING THAT THE CURRENT ACTION IS PREEMPTED BY ERISA.**

Defendant has the burden of proving that the contention that the Policy falls within ERISA's definition of an "employee welfare benefit plan." Specifically, an insurer carries the burden of establishing the existence of an ERISA plan. Zavora v. Paul Revere Life Ins. Co., 145 F.3d 1118, 1120 (9th Cir. 1998). "The existence of an ERISA plan is a question of fact, to be answered in light of all the surrounding facts and circumstances from the point of view of a reasonable person." Harper v. American Chambers Life Ins. Co., 898 F.2d 1432, 1433 (9th Cir. 1990). "A mere allegation that an employer or employee organization ultimately decided to provide an employee welfare benefit is not enough to invoke ERISA's coverage...Such an allegation fails to allege the 'establishment' of a plan. Something more is needed." Scott v. Gulf Oil Corp., 754 F.2d. 1499, 1504 (9th Cir. 1985). The basis of the instant motion is Defendant's mere allegation that the Policy falls within the scope of

Pahl & McCay
A Professional Corp.
225 W. Santa Clara St.
Suite 1500
San Jose, CA 95113
(408) 286-5100

1484-034
00123209.WPD

-------------------    3    -------------------
**MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION**    (Case No. C08-02388)

ERISA because it is a life insurance policy. However, as demonstrated below, this alone is insufficient to establish ERISA preemption, and as a result Defendant has failed to meet its respective burden of proof.

1. **In order to prevail on the instant motion, Defendant must demonstrate that the Policy was established or maintained by Plaintiff.**

ERISA defines an employee welfare benefit plan as:

> [A]ny plan, fund, or program which was heretofore or is hereafter <u>established or maintained by an employer, or by an employee organization</u>, or by both to the extent that such plan, fund, or program was established or is maintained for the purpose of providing for its participants or their beneficiaries, through the purchase of insurance or otherwise, (A) medical, surgical or hospital care or benefits, or benefits in the event of sickness, accident, disability, death or unemployment, or vacation benefits.

29 U.S.C. § 1002(1)(A) (emphasis added).

In order for an employee benefit welfare plan to fall within the scope of ERISA, it must be established or maintained by an employer or employee organization. 29 U.S.C. § 1003(a). The Department of Labor has promulgated a regulation which clarifies this statutory requirement that a plan or policy be established or maintained by an employer. 29 C.F.R. § 2510.3-1. Specifically, Subsection J specifically provides that an insurance program offered by an insurance company to employees is not covered by ERISA if the following factors are satisfied:

(1) No contributions or other payments are made by the employer or by the employee organization;

(2) Participation in the program is purely voluntary for employees or members;

(3) The sole function of the employer or employee organization with respect to the program is, without endorsing the program, to permit the insurance company to publicize the program to employees or members, to collect premiums through payroll deductions or dues checkoffs, and to remit them to the insurance company;

(4) The employer or employee organization receives no consideration of any kind in connection with the program, other than reasonable compensation

Pahl & McCay
A Professional Corp.
225 W. Santa Clara St.
Suite 1500
San Jose, CA 95113
(408) 286-5100

1484-034
00123209.WPD

4

**MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION**    (Case No. C08-02388)

excluding any profit, for administrative services actually rendered in connection with payroll deductions or dues checkoffs.

Although the Complaint and its attached exhibits refer to the Policy as a "group life insurance policy", this alone is insufficient to establish preemption by ERISA. The bare purchase of insurance itself without an employer commitment to continue those benefits does not create an ERISA-covered welfare plan. <u>Turnbow v. Pacific Mut. Life Ins. Co.</u>, 103 Nev. 676 (1988). Furthermore, an employer's mere purchase of a group policy was held insufficient to establish an ERISA covered plan where the employer purchased the policy on behalf of its employees and was not the administrator, manager, or trustee of the policy. <u>Brady v. Empire Blue Cross/Blue Shield</u>, 732 F.Supp. 678 (W.D. La. 1990). Neither the Complaint nor its attached exhibits demonstrate that Plaintiff established or maintained the Policy, or was its administrator, manager, or trustee.

    2.    **Defendant must also demonstrate an active involvement by Plaintiff in order to establish ERISA preemption.**

To determine the applicability of ERISA, the courts also require evidence of an ongoing administrative scheme. <u>Velarde v. PACE Membership Warehouse, Inc.</u>, 105 F.3d 1313, 1316-1317 (9th Cir. 1997). Even if an employer allows an employee to purchase insurance financed by payroll deductions, it is not an ERISA plan. <u>Gahn v. Allstate Life Insurance Co.</u>, 926 F.2d 1449 (5th Cir. 1991). In further determining whether a policy falls within the scope of ERISA, it is also significant for a court to consider whether an employer directly or indirectly owns, controls, administers or assumes responsibility for the policy or its benefits. See <u>Taggart Corp. v. Life & Health Benefits Admin., Inc.</u>, 617 F.2d 1208 (5th Cir. 1980). In addition, certain employee benefit plans are exempt from ERISA coverage if determined to be an unfunded excess benefit plan. 29 U.S.C. § 1003(b)(5).

For purposes of the instant motion, Defendant has failed to show that the Policy was established or maintained by Plaintiff, that there was any active involvement by Plaintiff, or that the Policy is not an excess benefit plan. Defendant has therefore not met its burden of demonstrating that it falls within the scope of ERISA, and thus the instant motion must be

Pahl & McCay
A Professional Corp.
225 W. Santa Clara St.
Suite 1500
San Jose, CA 95113
(408) 286-5100

1484-034
00123209.WPD

denied.

## C. IF THE COURT GRANTS THE INSTANT MOTION, IT MUST GRANT PLAINTIFF LEAVE TO AMEND THE COMPLAINT.

A complaint should not be dismissed because plaintiff erroneously relies on the wrong legal theory if the facts alleged support any valid theory. Haddock v. Board of Dental Examiners of Calif., 777 F.2d 462, 464 (9th Cir. 1985). Federal Rule of Civil Procedure 15(a) expressly states that leave to amend "shall be freely given when justice so requires." Allen v. City of Beverly Hills, 911 F.2d 367, 373 (9th Cir. 1990).

Here, the Complaint alleges sufficient facts to support a breach of contract claim.[2] With respect to such claims preempted by ERISA, it has been held that a plaintiff can re-plead state law claims related to the denial of benefits from an ERISA covered plan. Ramer v. S. Cal. Gas Co., 6 Fed.Appx. 577 (9th Cir. 2001). In Ramer, the court explained that even though the employee did not plead ERISA claims in his complaint, his state law claims could be construed as ERISA claims if they fell within the scope of ERISA's civil enforcement provision and were completely preempted. The court further held that because benefits may still have been improperly denied, the deficiencies in the complaint did not preclude recovery entirely. The case was remanded so that the employee could re-plead his claims and state his federal claims under ERISA. Id at 581-582.

Furthermore, even if it is determined that ERISA preempts state law claims, a court should nonetheless consider whether a complaint states a claim for relief under the ERISA enforcement scheme.[3] Crull v. GEM Ins. Co., 58 F.3d 1386, 1391 (9th Cir. 1995). In Rockney v. Blohorn, 877 F.2d 637, 643-644 (8th Cir. 1989), the court reasoned that since

---

[2] Paragraph 7 of the Complaint alleges that "under the terms of the Policy, Plaintiff became entitled to receive" payment under the Policy. This allegation is sufficient to establish its right to relief for purposes of the instant motion, notwithstanding the fact that Richard Murphy, who owns Valley Heights, Inc., is the listed beneficiary. See Pareto v. F.D.I.C., 139 F.3d at 699.

[3] In Simon Levi Co. v. Dun & Bradstreet Pension Servs., 55 Cal. App. 4th 496 (1997), the Second Appellate District of the Court of Appeal of California held that ERISA did not preempt the state law claims because the causes which were pled encompassed generally applicable state contract and tort law, which functioned irrespective of the existence of an ERISA plan.

Pahl & McCay
A Professional Corp.
225 W. Santa Clara St.
Suite 1500
San Jose, CA 95113
(408) 286-5100

1484-034
00123209.WPD

6

**MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION**   (Case No. C08-02388)

ERISA did not contain a body of contract law to govern the interpretation and enforcement of employee benefit plans, appropriate state contract law should apply unless the application of state law would be contrary to the provisions of ERISA. Similarly, the court in <u>Sargeant v. International Union of Operating Eng'rs, Local 478 Health Benefits & Ins. Fund</u>, 746 F.Supp. 241, 244 (D. Conn. 1990), observed that even if ERISA preempts a participant's claims, a federal common law remedy would be necessary, and federal common law would apply state law.

The Complaint alleges sufficient facts for a breach of contract claim based on Defendant's failure to make payment under the Policy. In the instant motion there has been no dispute over the Policy's existence or Defendant's obligation to make payment under the Policy. Therefore, even if this Court determines that the current action is preempted by ERISA, it must allow for the Complaint to be amended so that Plaintiff may re-plead its claim under ERISA.

## IV.
## CONCLUSION

For the above-stated reasons, Plaintiff VALLEY HEIGHTS, INC. respectfully requests that the Court deny Defendant's motion to dismiss the Complaint, and that the Court grant whatever other relief it deems just and proper.

Respectfully Submitted,

DATED: July 17, 2008

PAHL & McCAY
A Professional Corporation

By: _____
Michael J. Cheng

Attorneys for Plaintiff
VALLEY HEIGHTS, INC.

Pahl & McCay
A Professional Corp.
225 W. Santa Clara St.
Suite 1500
San Jose, CA 95113
(408) 286-5100

1484-034
00123209.WPD

7

MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION    (Case No. C08-02388)